# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

    Plaintiff,

v.                                                                                                              No. 20-cv-612 RB-KRS

ALISHA TAFOYA-LUCERO, *et al.*,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Robert Vasquez's Motion for Leave to File an Amended Complaint and Supplemental Pleadings. (Doc. 9.) Plaintiff is incarcerated and proceeding *pro se*. He initiated this case on June 24, 2020 by filing a 69-page Civil Rights Complaint. (Doc. 1.) Plaintiff amended his pleading, as a matter of right, on July 14, 2020. (Doc. 4.) He filed the instant Motion on October 19, 2020, which attaches another proposed amended complaint along with various exhibits and supplemental pleadings. The filing consists of 54 pages and purports to name 18 Defendants, including a John Doe. (*See* Doc. 9.)

The Court will permit Plaintiff to file another amendment, in the interest of justice. *See* Fed. R. Civ. P. 15(a)(2) (Courts should freely give to amend "when justice so requires"). However, the proposed amendment attached to the Motion does not comply with Federal Rule of Civil Procedure 8(a), which requires a short, plain statement of the grounds for relief. It functions more like a "kitchen-sink" or "shotgun" filing, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 12-cv-2011-KHV, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012); *see also Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant

difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young*, 2012 WL 4211669, at *3; *see also McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which . . . pertinent allegations to which a response is warranted"). Accordingly, the Court declines to accept the proposed amendment on file and will direct Plaintiff to file a separate amendment within 30 days of entry of this Order. The Clerk's Office will also mail Plaintiff a blank civil rights complaint.

The amended complaint must comply with Rule 8(a). The Court will not "sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action." *McNamara*, 570 F. App'x at 743. The amended complaint "must explain what each defendant did to [Plaintiff] . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013).

Plaintiff is further advised that to state a claim under 42 U.S.C. § 1983, he must explain how each defendant, through their own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). And, to show deliberate indifference, Plaintiff "must establish that [each] defendant[] knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461

2

F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted). Listing the names of various defendants and what they oversee is not sufficient. Prison supervisors and private entities cannot be held vicariously liable under § 1983 for their employee's alleged constitutional violations. *See Moya v. Garcia*, 895 F.3d 1229, 1232–33 (10th Cir. 2018) (addressing prison supervisors); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to corporate defendants). To establish liability under § 1983, a plaintiff must allege entity or supervisor defendants "promulgated . . . or possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm." *Moya*, 895 F.3d at 1233.

If Plaintiff fails to timely file an amended complaint or files a pleading that fails to comply with the above instructions, the Court may dismiss this case with prejudice. If the amended complaint fails to tie certain Defendants to the alleged wrongdoing, the Court may also dismiss with prejudice all claims against those individuals.

**IT IS ORDERED** that Plaintiff Robert Vasquez's Motion for Leave to File an Amended Complaint and Supplemental Pleadings (**Doc. 9**) is **GRANTED in part and DENIED in part**. The Court will not accept the proposed amended complaint on file but will allow Plaintiff to draft another amendment.

**IT IS FURTHER ORDERED** within 30 days of entry of this Order, Plaintiff shall file a single, legible amended complaint that is consistent with the above instructions; and the Clerk's Office shall **MAIL** Plaintiff a blank § 1983 form.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE