## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

> Plaintiff,

v.                                                                            No. 20-cv-0612 RB-KRS

GEO GROUP INC., *et al*,

> Defendants.

## ORDER DIRECTING ANSWERS AND
## DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff Robert Vazquez's Amended Prisoner Civil Rights Complaint (Doc. 13).  Also before the Court is his Motion to Appoint Counsel (Doc. 14). Plaintiff alleges fellow inmates stabbed him, and he was left on the ground bleeding for six hours due to understaffing at the Northeast New Mexico Correctional Facility (NNMCF).  NNMCF medical officials then purportedly delayed emergency care, leading to an emergency surgery and the removal of Plaintiff's spleen.  When Plaintiff was transferred to another prison, the medical professionals allegedly refused to dispense treatment as prescribed, and the grievance coordinator failed to forward Plaintiff's request for emergency intervention.  The Complaint raises 42 U.S.C. § 1983 claims for retaliation and deliberate indifference to a serious risk of harm.

By a Memorandum Opinion and Order entered May 13, 2021, the Court (Hon. Robert Brack) ordered Plaintiff to amend his pleading to comply with Fed. R. Civ. P. 8(a) and identify the individuals involved in the alleged wrongdoing.  *See* Doc. 12.  Construed liberally, the Amended Complaint complies with these directives and survives initial review under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).  Each Defendant must therefore answer the Amended Complaint.  After the answers are filed, the Court will enter a separate order directing a *Martinez* report in lieu of

traditional discovery.   *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).   A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims," and the parties typically use the report to file motions for summary judgment.   *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).   The Court will direct the Clerk's Office to issue notice and waiver of service forms for each Defendant using the addresses listed in the Amended Complaint.   Any costs of U.S. Marshal service may be imposed on the Defendants if they decline to return the waivers without good cause.   *See* Fed. R. Civ. P. 4(d)(2).

As to Plaintiff's remaining motion, "[c]ourts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.   *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).   This decision is a matter of discretion.   *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).   Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397.   Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Plaintiff on a *pro bono* basis.   The facts are not particularly complex.   Beyond citing his indigence and lack of legal knowledge - which unfortunately are factors in most *pro se* cases - Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel (Doc. 14).

**IT IS ORDERED** that the Clerk's Office is directed to **ISSUE** notice and waiver of service forms, with copies of the Amended Complaint (**Doc. 13**) and this Order, for Defendants Julie Jones; Alisha Tafoya-Lucero; GEO Group, Inc.; Janine Rodriguez; Centurion Correctional Healthcare; Wexford Health Sources, Inc.; Christopher Brawley; Matt Meehan; and Gina Lutz.   The Clerk's

Office may use the addresses provided in the Amended Complaint (**Doc. 13 at p. 2-5**).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (**Doc. 14**) is

**DENIED**.



_____
UNITED STATES MAGISTRATE JUDGE