IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

    Plaintiff,

v.                                                     Case No. Civ. 20-612 RB/KRS

ALISHA TAFOYA-LUCERO, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Consolidate, (Doc. 55), filed August 26, 2022.[1] Defendants Julie Jones, Alisha Tafoya-Lucero, Janine Rodriguez, and Matt Meehan (the New Mexico Corrections Department, or "NMCD", Defendants) filed a response to the Motion to Consolidate on September 9, 2022, and Plaintiff filed a reply on September 19, 2022. (Docs. 58 and 60). The Motion to Consolidate has been referred to the undersigned for proposed findings and a recommended disposition of the motion. (Doc. 56). Having considered the parties' submissions, the relevant law, and the record of this case and the cases Plaintiff proposes to consolidate, the Court recommends that the Motion to Consolidate, (Doc. 55), be DENIED.

**I.    BACKGROUND**

    **A.  Procedural History of Case No. Civ. 20-612 RB/KRS**

Plaintiff initiated this case as a pro se prisoner under 42 U.S.C. § 1983 on June 24, 2020. (Doc. 1) (Complaint) and (Doc. 4) (First Amended Complaint). On May 13, 2021, the presiding

---

[1] Plaintiff moves to consolidate this case with the following cases: *Montoya v. New Mexico Corrections Department, et al.*, 22cv265 KG/JHR (Doc. 21); *Vasquez v. Tafoya-Lucero, et al.*, 22cv462 DHU/KK (Doc. 23); *Vasquez v. Tafoya-Lucero, et al.*, 22cv522 MIS/SCY (Doc. 15), and *Vasquez v. Tafoya-Lucero, et al.*, 22cv593 JB/KRS (Doc. 7). It is the practice in this district that motions to consolidate are decided by the judges assigned to the lowest-numbered case. Unless otherwise noted, citations to (Doc.__) refer to documents filed in 20cv612 RB/KRS.

judge ordered Plaintiff to amend his pleadings to comply with Fed. R. Civ. P. 8(a) and identify the individuals involved in the alleged wrongdoing. (Doc. 12). Pursuant to that Order, Plaintiff filed his Amended Prisoner Civil Rights Complaint, (Doc. 13), raising claims under 42 U.S.C. § 1983 for retaliation and deliberate indifference to a serious risk of harm against Defendants Julie Jones; Alisha Tafoya-Lucero; GEO Group, Inc.; Janine Rodriguez; Centurion Correctional Healthcare; Wexford Health Sources, Inc.; Christopher Brawley; Matt Meehan; and Gina Lutz. Plaintiff alleges that fellow inmates stabbed him on January 28, 2019, at the Northeast New Mexico Correctional Facility (NNMCF), and that NNMCF medical officials delayed emergency care, leading to emergency surgery and the removal of Plaintiff's spleen. When Plaintiff was transferred to another prison, medical professionals allegedly refused to dispense treatment as prescribed, and the grievance coordinator failed to forward Plaintiff's request for emergency intervention.

On September 22, 2021, the Court found that the Amended Complaint, (Doc. 13), survives review under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), and ordered the Clerk's Office to issue notice and waiver-of-service forms for each defendant using the addresses listed in the Amended Complaint. (Doc. 15). Defendants Jones, Tafoya-Lucero, Rodriguez, and Meehan (the NMCD Defendants) filed an Answer to the Complaint on November 23, 2021, and Defendant Brawley filed an Answer to the Complaint on December 3, 2021. (Docs. 31 and 33). On December 22, 2021, counsel for Defendant Wexford Health Sources, Inc., entered an appearance in the case. (Doc. 34).

On April 29, 2022, counsel entered an appearance on Plaintiff's behalf. (Doc. 36). Thereafter, the Court entered an Order to Show Cause regarding the defendants who had not entered the case—Defendants GEO Group, Centurion, and Lutz. (Doc. 15). The Court ordered

Plaintiff to provide valid, current addresses for serving process on those three defendants, or show cause why his claims against those defendants should not be dismissed.  *Id.*  In response to the Order to Show Cause, Plaintiff's counsel stated that he plans to file a motion to amend the complaint and that he will serve any defendants who have not yet been served after the motion to amend is ruled on.  (Doc. 40).  Plaintiff then filed an opposed Motion to Amend Complaint, (Doc. 42), on May 6, 2022, which has also been referred to the undersigned for proposed findings and a recommended disposition.  (Doc. 46).

### B.  Plaintiff's Motion to Consolidate

Plaintiff moves the Court to consolidate this case with four other cases: *Montoya v. New Mexico Corrections Department, et al.*, 22cv265 KG/JHR; *Vasquez v. Tafoya-Lucero, et al.*, 22cv462 DHU/KK; *Vasquez v. Tafoya-Lucero, et al.*, 22cv522 MIS/SCY, and *Vasquez v. Tafoya-Lucero, et al.*, 22cv593 JB/KRS.  (Doc. 55) at 1-2.  Plaintiff explains that two of the cases involve the stabbing of Plaintiff and three cases involve the beating of various plaintiffs by correction officers.  *Id.* at 2-3.  Plaintiff states that all five cases include allegations that NMCD's grievance system violates the 14th and 8th Amendments to the United States Constitution, as well as the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.  *Id.* at 3.  Plaintiff argues that all parties in these cases "would be irreparably prejudiced by a denial of this Motion [to Consolidate]" because they "would face the risk of conflicting findings during evidentiary hearings regarding the issuance of both declaratory and injunctive relief that is sought in each action" and "would also have to expend additional time, manpower, and funds to go through discovery, and evidentiary hearings and trials in five cases rather than one."  *Id.* at 4.

NMCD Defendants oppose the Motion to Consolidate because Plaintiff's "claims for physical injuries in each case are based on distinct underlying incidents, occurring on different dates, occurring at three different facilities, and involving different defendant corrections officers in all but two of the cases (and, in those cases, there is only a partial overlap of the defendant corrections officers)." (Doc. 58) at 3.  NMCD Defendants note that Plaintiff's personal injury claims are brought under different theories, statutes, and constitutional provisions, and "[i]n some cases he relies solely on federal law, while in others he relies on state and federal law." *Id.* at 4.  NMCD Defendants argue that Plaintiff's grievance process claims are not identical and that details of whether and how Mr. Vasquez exhausted or attempted to exhaust the grievance process differ in each case. *Id.*  Accordingly, Defendants contend consolidation is inappropriate because all five cases are at different procedural stages, the cases do not share sufficiently common questions of law or fact, and consolidation "would result in confusion, prejudice for NMCD Defendants, and create an unwieldy case." *Id.* at 5-6.[2]

In reply, Plaintiff modifies his request for consolidation and states he only seeks to consolidate his claims regarding the NMCD grievance system under the 8th Amendment and the Americans with Disabilities Act/Section 504 of the Rehabilitation Act. (Doc. 60) at 3.  Plaintiff asserts the "same fact witnesses and experts will be called in support of the injunctive and declaratory relief on both issues; and it should be only one court in one hearing that determines if the arguments of the Plaintiffs have merit rather than having five different hearings on the identical issues." *Id.*  He states that consolidating the five cases "for the limited purpose noted above" is appropriate because the cases "involve common questions of fact and law, and the

---

[2] NMCD Defendants adopt and incorporate by reference the response filed by five of the defendants in *Montoya v. New Mexico Corrections Department, et al.*, 22cv265 KG/JHR, (Doc. 23), which asserts similar arguments in opposition to consolidation.

defendants have raised or will likely raise similar defenses, including whether Plaintiffs have sufficiently proved a prima facie case as to each of the two allegations." *Id.* Plaintiff also contends that consolidation of the cases for these two claims will conserve the Court's resources. *Id.* at 3-4.

## II. LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Whether to grant a motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure, Civil § 2383 (3d ed.) ("The district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual."). Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the burden of proving that consolidation is desirable. *Id.*

## III. ANALYSIS

Plaintiff has narrowed his consolidation request to his claims regarding the NMCD grievance system—that it violates the 8th Amendment and the Americans with Disabilities Act/Section 504 of the Rehabilitation Act. Nevertheless, Plaintiff's grievance system claims are fact specific and differ in each of the five cases because they involve various prisons, are based

on distinct underlying incidents, and allege wrongdoing by different defendants. In Case No. Civ. 20-612 RB/KRS, the alleged wrongdoing occurred at Northeast New Mexico Detention Facility in Clayton, New Mexico in January 2019, while in Case No. Civ. 22-265 KG/JHR, Plaintiff and two other inmates allege wrongdoing at Central New Mexico Correctional Facility between May and December 2021. *See also* Case No. Civ. 22-462 DHU/KK (claims based on events at the Penitentiary of New Mexico on or about January 6, 2022); Case No. Civ. 22-522 MIS/SCY (claims based on events at the Penitentiary of New Mexico on August 4, 2020); Case No. Civ. 22-593 JB/KRS (claims based on events at Guadalupe County Correctional Facility in Santa Rosa, New Mexico in June 2022). Moreover, in Case No. Civ. 22-462 DHU/KK, Defendants have raised the issue of Plaintiff's standing to bring his grievance-related claims based on evidence showing Plaintiff exhausted the administrative process for the underlying claim. *See* (Doc. 24-1, filed in Case No. Civ. 22-462). Therefore, while Plaintiff's grievance system claims may raise similar issues and arise under the same statutes and constitutional amendments, each claim will require an individualized analysis based on the underlying events and the parties' use of the grievance system. Consequently, the Court finds the five cases Plaintiff seeks to consolidate do not have sufficiently common questions of law and fact to warrant consolidation.

In addition, the Court finds that consolidation would be significantly inconvenient and confusing to the parties. In addition to the cases being based on different underlying issues and raising claims under various statutes and amendments, the cases do not share the same parties or counsel. Indeed, it is not yet clear who the proper parties are or which claims will proceed as Plaintiff has moved to amend several of his complaints to add defendants and substantive claims, and defendants have moved to dismiss claims in two of the cases. *See* (Doc. 42, filed in Case

No. Civ. 20-612 RB/KRS, Plaintiff's opposed Motion to Amend Complaint); (Doc. 15, filed in Case No. Civ. 22-462 DHU/KK, Plaintiff's opposed Motion to Amend Complaint); (Doc. 25, filed in Case No. Civ. 22-522 MIS/SCY, Partial Motion to Dismiss filed by five defendants); (Doc. 16, filed in Case No. Civ. 22-593 JB/KRS, Motion to Dismiss filed by nine defendants). Accordingly, weighing the interest of judicial convenience in consolidating these cases against the delay, confusion, and prejudice that consolidation might cause, the Court finds that consolidation is not desirable.  *See Servants of the Paraclete*, 866 F. Supp. at 1572 (finding consolidation inappropriate because, inter alia, "the actions involve several separate factual issues, parties, and legal questions; thus, consolidation would not significantly conserve the Court's resources").

## IV. RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Consolidate, (Doc. 55), be DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**