IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

     Plaintiff,

v.                                     Case No. Civ. 20-612 RB/KRS

ALISHA TAFOYA-LUCERO, et al.,

     Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint,

(Doc. 42), filed May 6, 2022.  Defendants Julie Jones, Alisha Tafoya-Lucero, Janine Rodriguez,

and Matt Meehan (the New Mexico Corrections Department, or "NMCD", Defendants) filed a

response opposing the Motion to Amend on May 20, 2022, and Plaintiff filed a reply on June 3,

2022.  (Docs. 44 and 49).  The Motion to Amend has been referred to the undersigned for

proposed findings and a recommended disposition of the motion.  (Doc. 46).  Having considered

the parties' submissions, the relevant law, and the record of this case, the Court recommends that

the Motion to Amend, (Doc. 42), be DENIED.

### I.     BACKGROUND

#### A.  Procedural History

Plaintiff initiated this case as a pro se prisoner under 42 U.S.C. § 1983 on June 24, 2020.

(Doc. 1) (Complaint) and (Doc. 4) (First Amended Complaint).  The presiding judge ordered

Plaintiff to amend his pleadings to comply with Fed. R. Civ. P. 8(a) and identify the individuals

involved in the alleged wrongdoing.  (Doc. 12).  Pursuant to that Order, Plaintiff filed his

Amended Prisoner Civil Rights Complaint, (Doc. 13), on June 1, 2021 raising claims under 42

U.S.C. § 1983 against Defendants Julie Jones; Alisha Tafoya-Lucero; GEO Group, Inc.; Janine

Rodriguez; Centurion Correctional Healthcare; Wexford Health Sources, Inc.; Christopher

Brawley; Matt Meehan; and Gina Lutz.  Plaintiff alleges that fellow inmates stabbed him on January 28, 2019, at the Northeast New Mexico Correctional Facility (NNMCF), and that NNMCF medical officials delayed emergency care, leading to emergency surgery and the removal of Plaintiff's spleen.  When Plaintiff was transferred to another prison, medical professionals allegedly refused to dispense treatment as prescribed, and the grievance coordinator failed to forward Plaintiff's request for emergency intervention.

On September 22, 2021, the Court found that the Amended Complaint, (Doc. 13), survives review under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), and ordered the Clerk's Office to issue notice and waiver-of-service forms for each defendant using the addresses listed in the Complaint.  (Doc. 15).  The NMCD Defendants (Defendants Jones, Tafoya-Lucero, Rodriguez, and Meehan) filed an Answer to the Complaint on November 23, 2021, and Defendant Brawley filed an Answer to the Complaint on December 3, 2021.  (Docs. 31 and 33).  On December 22, 2021, counsel for Defendant Wexford Health Sources, Inc., entered an appearance in the case.  (Doc. 34).

On April 29, 2022, counsel entered an appearance on Plaintiff's behalf.  (Doc. 36).  Thereafter, the Court entered an Order to Show Cause regarding the defendants who had not entered the case—Defendants GEO Group, Centurion, and Lutz.  (Doc. 15).  The Court ordered Plaintiff to provide valid, current addresses for serving process on those three defendants, or show cause why his claims against those defendants should not be dismissed.  *Id.*  In response to the Order to Show Cause, Plaintiff's counsel stated that he planned to file a motion to amend the complaint and he will serve any defendants who have not yet been served after that motion is resolved.  (Doc. 40).  Plaintiff then filed his Motion to Amend Complaint, (Doc. 42), which is currently before the Court.

## B.  Plaintiff's Motion to Amend

Plaintiff moves to file an Amended Complaint pursuant to Rule 15.  *See* (Doc. 42) (proposed Amended Complaint attached at pages 4-46).  As grounds for the Motion to Amend, Plaintiff states only that "[j]ustice requires the filing of the Amended Complaint."  *Id.* at 1.

NMCD Defendants oppose the Motion to Amend and argue that Plaintiff has not demonstrated why he should be allowed to file another amended complaint that raises additional claims and adds NMCD as a party.  (Doc. 44) at 2.  NMCD Defendants explain that in 2019, Plaintiff filed a complaint in state court against NMCD, its employees, and two private medical services contractors and their employees, alleging almost identical claims under the New Mexico Tort Claims Act ("NMTCA") as those raised in this case.  *Id.*  The state court dismissed Plaintiff's claims against NMCD and the NMCD Defendants, after which Plaintiff voluntarily dismissed his remaining claims and was granted leave to file an amended complaint.  *Id.* at 3.  Defendant Brawley then removed Plaintiff's amended complaint in the state case to this court, seeking to consolidate Plaintiff's state claims with the claims asserted in this case.  (Doc. 1, filed in Case No. Civ. 21-1064 RB/CG, removing State Case No. D-101-CV-2021-00169).  On June 3, 2022, the Court entered an order in Case No. 21-1064 noting it raises nearly identical claims as those raised in Case No. 20-612, and requiring Plaintiff to notify the Court if he wished to pursue the claims in Case No. 21-1064 or if he intended to only pursue Case No. 20-612.  (Doc. 3, filed in Case No. 21-1064) (explaining that Plaintiff's failure to respond to the Order to Notify will result in dismissal of the case without prejudice).  Plaintiff's attorney advised the Clerk's Office that he does not intend to enter an appearance in Case No. 21-1064, and Plaintiff did not respond to the Order to Notify.  Consequently, the Court dismissed Case No. 21-1064 without prejudice for failure to prosecute.  *See* (Doc. 4, filed in Case No. Civ. 21-1064).

3

NMCD Defendants contend that Plaintiff's Motion to Amend should be denied because Plaintiff's claims against NMCD have already been dismissed in the state case, and because the NMCD Defendants have already answered Plaintiff's first Amended Complaint (Doc. 13) and responded to multiple sets of written discovery in both state and federal court.  *See* (Doc. 44) at 3.  They further argue that Plaintiff's Motion to Amend "should be denied because it would be futile since the proposed claims (causes) are not actionable against NMCD, do not state a claim for relief against the NMCD Defendants, would not survive a motion to dismiss, and would be prejudicial [to] the NMCD Defendants, including NMCD."  *Id.* at 3-4.  Specifically, NMCD Defendants claim that Plaintiff's proposed amended claims fail because NMCD is not a "person" who has the capacity to be sued under 42 U.S.C. § 1983, Plaintiff fails to state a claim under Section 504 of the Rehabilitation Act, Plaintiff does not identify what waiver of the NMTCA he is suing under, and NMCD and the NMCD Defendants are not the proper defendants for Plaintiff's negligence claims.  *Id.* at 5-11.

In reply, Plaintiff argues that he should be allowed to file an amended complaint because he filed his prior complaints when he was proceeding pro se, and his counsel promptly filed the Motion to Amend after entering the case.  (Doc. 49) at 4-5.  Plaintiff states he does not intend to bring constitutional claims against NMCD, "but against persons who have the capacity to be sued under § 1983, i.e., Geo Group, Inc., Secretary of Corrections Alisha Tafoya-Lucero, Janine Rodriguez, and Secretary of Corrections Julie Jones."  *Id.* at 6.  He further argues that he has sufficiently alleged waiver of immunity under the NMTCA for each of his tort claims, and that he has properly sued the NMCD under the NMTCA.  *Id.* at 6, 9-14.  Finally, Plaintiff contends that he sufficiently stated a claim for relief under Section 504 of the Rehabilitation Act based on NMCD's grievance system.  *Id.* at 7-9.  In conclusion, Plaintiff asks the Court to allow him to file "the substitute Amended Second Amended Complaint hereto attached and marked 'Exhibit

2'; which clarifies the issues that are of concern to Defendants." *Id.* at 14; (Doc. 49-1) (Plaintiff's second proposed amended complaint).

## II.    LEGAL STANDARD

A party may amend its pleadings once before a responsive pleading is served.  After a responsive pleading, under Rule 15(a)(2), a party may amend a pleading only with the opposing party's consent or absent consent, only with the court's leave.  Rule 15(a)(2) further provides that the court should "freely give leave when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

An amendment is futile when the claim would be subject to dismissal because the plaintiff "fails to allege facts that would 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fields v. City of Tulsa*, 753 F.3d 1000, 1012-13 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.")  (internal citation omitted).  To dismiss a complaint for failure to state a claim, a court must find "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dept. of Human Svcs.*, 925 F.2d 363, 365 (10th Cir. 1991)).  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief, and a plaintiff must allege "enough facts to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.    ANALYSIS

The Court first must determine which proposed amended complaint it is considering since Plaintiff submitted two proposed amended complaints—one attached his Motion to Amend (Doc. 42 at 4-46), and one attached to his reply brief (Doc. 49-1).  Plaintiff does not state what changes were made to his second proposed amended complaint, and the Court's comparison of the two proposed amended complaints finds many differences.  For example, Plaintiff's second proposed amended complaint (Doc. 49-1) removes Defendant Meehan from the case and makes several substantive changes, such as clarifying that no action is alleged against NMCD under 42 U.S.C. § 1983, only under the NMTCA.  The Court's local rules require parties to attach the proposed amended complaint to a motion to amend.  D.N.M. LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend.").  Plaintiff's attempt to address the issues raised by Defendants in their response brief by attaching yet another proposed amended complaint to his reply is procedurally improper because it essentially raises new issues in a reply brief and prevents Defendants from addressing the new proposed complaint.  In addition, Plaintiff failed to specify the changes made to the second amended complaint, and the Court will not sort through the documents to determine every change that was made.  *See McNamara v. Brauchler*, 570 Fed. Appx. 741, 743 (10th Cir. 2014) (unpublished) (stating the Court will not "sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action").  For these reasons, the Court considers the proposed amended

complaint attached to Plaintiff's Motion to Amend at (Doc. 42) pages 4-46 in these proposed findings.[1]

## A. Prejudice to Defendants

As explained above, after Plaintiff initially filed a complaint (Doc. 1) and an amended complaint (Doc. 4), the Court ordered him to file another amended complaint that complies with Rule 8(a) and instructed Plaintiff that the amended complaint "must explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed him; and what specific legal right the plaintiff believes the defendant violated."  (Doc. 12) at 2 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).  Plaintiff was further advised that a "passive-voice statement that his rights 'were violated' will not suffice," that he must explain how each defendant personally violated the Constitution, and to show deliberate indifference, Plaintiff "must establish that each defendant knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  *Id.* at 2-3 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013); *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998); *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006)).  The Court also explained that "[l]isting the names of various defendants and what they oversee is not sufficient.  Prison supervisors and private entities cannot be held vicariously liable under § 1983 for their employee's alleged constitutional violations."  *Id.* at 3 (quoting *Moya v. Garcia*, 895 F.3d 1229, 1232-33 (10th Cir. 2018)).

In response to this Order, Plaintiff filed his Amended Complaint, (Doc. 13), bringing three claims against Defendants:

---

[1] Regardless of which proposed amended complaint the Court considers, they are both deficient for many of the reasons explained below, and the second proposed amended complaint does not address most of those deficiencies.

> (1) Violation of the Eighth Amendment against Defendants GEO
> Group and Jones for deliberate indifference or reckless disregard
> leading to Plaintiff's stabbing;
>
> (2) Violation of the Eighth Amendment against Defendants
> Centurion, Brawley, Rodriguez, Wexford, Lutz, and Meehan for
> denial or delay of medical care or treatment; and
>
> (3) Violation of the First Amendment against Defendants
> Rodriguez and Tafoya-Lucero for retaliation against Plaintiff for
> filing grievances and for failure to follow their grievance policies.

(Doc. 13) at 14-18.  The Court found that "[c]onstrued liberally, the Amended Complaint

complies with [the Court's] directives and survives initial review under 28 U.S.C. § 1915A and

Fed. R. Civ. P. 12(b)(6)."  (Doc. 15).

Plaintiff's latest proposed amended complaint adds NMCD as a defendant and asserts

nine causes of action:

> (1) Violation of the Eighth, Sixth, and Fourteenth Amendments
> against Defendants NMCD, GEO Group, Centurion, Wexford,
> Brawley, and Lutz for deliberate indifference leading to
> understaffing, inadequate medical care, and interference with filing
> grievances;
>
> (2) Violation of Section 504 of the Rehabilitation Act against
> NMCD for preventing Plaintiff from filing grievances "regarding
> the facts noted above along with other grievances that followed the
> attack on Plaintiff by violent inmates," "lack of a meaningful
> grievance process," and failure to follow its grievance policies;
>
> (3) Violation of the First Amendment against all Defendants for
> retaliation against Plaintiff for filing grievances; and
>
> (4)-(9) Violation of the NMTCA for "Negligent Operation of a
> Prison Facility," "Negligent Facility Operation and Maintenance
> Prison [sic]," "Negligent Operation of a Health Care Facility,"
> "Negligent Facility Operation and Maintenance Medical [sic]," and
> two claims of "Medical Malpractice" against different sets of
> defendants.

(Doc. 42) at 29-44.

While "the court should freely give leave [to amend a complaint] where justice so requires," a court may properly deny leave to amend upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001); *see also Frank*, 3 F.3d at 1365 (explaining the decision whether to grant leave to amend is left to the discretion of the district court).

It is the Court's usual practice to allow an amended complaint when a pro se party obtains counsel so that counsel may present claims as they best see fit and for cases to proceed more efficiently.  Here, however, Plaintiff's proposed amended complaint, (Doc. 42 at 4-46), seeks to significantly change the scope of this case.  In addition to adding a defendant, significantly modifying his claims, and adding six new causes of action, Plaintiff states that he now brings claims on behalf of himself and other inmates and incorporates facts relating to incidents other than the one referred to in his original complaint.  *See, e.g.,* (Doc. 42) at ¶ 42 (claiming Defendant Rodriguez failed to comply with grievance policies for grievances submitted by unnamed inmates as well as seven grievances filed by Plaintiff, including an October 5, 2020 grievance Plaintiff filed "claiming he was intentionally exposed to death by fire and raw sewage by a corrections officer"); *id.* at ¶ 50 (claiming Defendants violated the Rehabilitation Act "regarding the facts noted above along with other grievances").  Indeed, throughout the proposed amended complaint Plaintiff refers to violations of the rights of prisoners throughout NMCD for reasons not related to the facts on which Plaintiff's initial complaint was based.

9

In addition, the proposed amended complaint does not comply with the Court's previous Order, (Doc. 15), because it fails to explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed him, and what specific legal right the defendant violated.  For example, throughout the proposed amended complaint Plaintiff references numerous grievances he and other inmates filed, but he does not specify which of those grievances are the basis for his causes of action.  *See, e.g.*, (Doc. 42) at ¶ 47 (Count 1, alleging: "The Defendant Department, the Secretary of Corrections, Janine Rodriguez and Matt Meehan have been deliberately indifferent to Plaintiff and other inmates right to file grievances regarding their safety and medical care.").  For these reasons, the Court finds that allowing the proposed amendment would be unduly prejudicial to Defendants because it far exceeds the scope of Plaintiff's original complaint and it does not comply with Rule 8's requirement for a short, plain statement of the grounds for relief.  *See McNamara*, 570 Fed. Appx. at 743 (unpublished) (affirming denial of motion to amend complaint, stating: "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action.  We agree with the district court that the amended complaint contains much distracting and irrelevant detail and would force the Defendants to carefully comb through more than a hundred pages to ascertain which of the several hundred paragraphs contain pertinent allegations to which a response is warranted.") (citations omitted); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (affirming denial of motion to amend complaint that district court described as "shotgun pleading" requiring the defendants to "piece together the plaintiff's complaint"); *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan.) (explaining Rule 8(a) prohibits a "kitchen-sink" or "shotgun" filing which "brings every conceivable claim against every conceivable defendant" because they "unfairly burden defendants and courts" by shifting

onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support"). The Court, therefore, recommends denying Plaintiff's Motion to Amend on the basis of prejudice to Defendants.

### B. Futility of Proposed Amendments

In addition, the Court agrees with NMCD Defendants that Plaintiff's newly asserted claims are futile for the following reasons.

#### 1. Claims against NMCD

First, as Plaintiff acknowledges in his reply brief, Plaintiff's federal claims against NMCD fail because a state agency cannot be sued under Section 1983 as it is not a "person" for the purposes of Section 1983. *See Hull v. State of N.M. Taxation & Rev. Dept. Motor Vehicle Div.*, 179 Fed. Appx. 445, 446 (10th Cir. 2006) (unpublished) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.") (citations omitted); *Gatlin v. New Mexico Dept. of Corr.*, 2022 WL 392292, at *5 (D.N.M.), report and recommendation adopted, 2022 WL 676669 (D.N.M.) (recommending dismissal of plaintiff's claims against NMCD because "NMCD is a state agency and is not, therefore, a 'person' under § 1983 as a matter of law" and even if the plaintiff "had identified a 'person' who allegedly had violated his constitutional rights—which he did not—NMCD cannot be vicariously liable for that person's actions") (citing *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).

#### 2. Rehabilitation Act Claim

Second, Plaintiff's claim under Section 504 of the Rehabilitation Act also fails as a matter of law. Plaintiff alleges Defendants violated the Rehabilitation Act by "fail[ing] to follow their own policies regarding the grievance policies." (Doc. 42) at 31. The Tenth Circuit has held that the elements required to state a claim under the Rehabilitation Act are the same as those

under Title II of the ADA. *Nielsen v. Moroni Feed. Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998). Accordingly, to state a claim for violation of the Rehabilitation Act Plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was "either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "that such exclusion, denial of benefits, or discrimination was by reason" of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016); *see also* Title II of the ADA 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."); *Robertson v. Las Animas Cnty. Sheriffs Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007) (holding that prisons are "public entities" covered by Title II of the ADA).

Plaintiff states that he "suffers from numerous mental health issues" and "suffers from IDD," or intellectual and developmental disorders. (Doc. 42) at ¶¶ 36-37. But Plaintiff does not allege that Defendants failed to follow their grievance policies "by reason of" Plaintiff's disability. Indeed, Plaintiff states throughout his complaint that he has filed numerous grievances, appealed those grievances, and sought relief from state and federal courts regarding the outcome of the grievances. *See* (Doc. 42) at ¶ 39 (stating Plaintiff filed a grievance about the January 2019 stabbing and then "filed an appeal in an attempt to have NMCD address the issue, and the Director of Adult Prisons accepted the appeal and ruled on the merits and denied the appeal"); *id.* at ¶ 42 (describing grievances and appeals of grievances Plaintiff filed on October 5, 2020, December 30, 2020, and January 28, 2021).

In addition, the Tenth Circuit has explained that "there is no independent constitutional right to state administrative grievance procedures. … Nor does the state's voluntary provision of

an administrative grievance process create a liberty interest in that process." *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332 (10th Cir. 2011) (unpublished) (citations omitted).  Accordingly, the Court finds that Plaintiff's constitutional claims for alleged deprivation of the prison grievance process fail as well.  *See id.* ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Von Hallcy v. Clements*, 519 Fed. Appx. 521, 524 (10th Cir. 2013) (unpublished) (rejecting claim that prison director violated prisoner's due process rights by providing an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 Fed. Appx. 743, 749-50 (10th Cir. 2011) (unpublished) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 Fed. Appx. 905, 906-07, 909 (10th Cir. 2005) (unpublished) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure); *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well established . . . that a state's violation of its own laws does not create a claim under § 1983.").

### 3.  NMTCA Claims

Finally, the Court also recommends denying Plaintiff's Motion to Amend as to the five state law claims under the NMTCA for negligent operation of a prison facility, negligent operation of a medical facility, and medical malpractice by various Defendants.  (Doc. 42) at 32-44.  NMCD Defendants oppose the addition of these claims because Plaintiff does not identify what waiver of the NMTCA he is suing under and there is no applicable waiver under the NMTCA.  (Doc. 44) at 10.  In his reply brief, Plaintiff asserts that immunity is waived pursuant to NMSA § 41-4-6 as to Defendant Jones as the Secretary of Corrections because she has a duty

and the authority to maintain prisons in a safe condition.  (Doc. 49) at 10-12.  Plaintiff also

asserts that NMSA § 41-4-6 waives immunity for contractors Wexford and Centurion, and "the

NMCD is liable under an aided-in-agency theory."  *Id.* at 13-14.

Generally, a tort cannot be asserted against public employees unless immunity has been

specifically waived by the NMTCA.  *See* NMSA § 41-4-4(a); *Barreras v. N.M. Corr. Dept.*,

62 P.3d 770, 776 (N.M. Ct. App. 2002) ("In the absence of affirmative legislation, the courts of

this state have consistently declined to permit individuals to bring private lawsuits to enforce

rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of

immunity under the Tort Claims Act.") (citations omitted).  Moreover, it is Plaintiff's burden to

specify under which exact section he is alleging that a governmental defendant has waived its

immunity.  *Glover v. Gartman*, 899 F. Supp. 2d 1115, 1153 (D.N.M.).  Plaintiff does not specify

in his proposed amended complaint which section of the NMTCA waives immunity for his state

tort claims, and only does so in his reply brief which does not provide proper notice to

Defendants.  *See Pauly v. N.M. Dept. of Pub. Safety*, 2014 WL 12696949, at *3 (D.N.M.)

("[A]lthough Plaintiffs supply the applicable legal basis for their state loss of consortium claim

in their response to Defendants' Motion, Plaintiffs cannot provide notice of a claim 'through the

discovery process' or in briefs.") (citing *Norton v. The City of Marietta, OK*, 432 F.3d 1145,

1151-52 (10th Cir. 2005)).  As such, Plaintiff's proposed tort claims are insufficient under Rule

8(a)(2), which governs what a party must actually plead by requiring a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Therefore, the Court recommends

denying without prejudice Plaintiff's Motion to Amend as to his state law claims with leave to

refile in accordance with the requirements of Rule 8 and the NMTCA.  *See Pauly*, 2014 WL

12696949, at *3 (dismissing state law tort claim under Fed. R. Civ. P. 8(a) because "Plaintiffs

were required to specifically plead a waiver of immunity" in order to "give Defendants fair notice of [the state claim] and what grounds it rests upon").

## IV.    RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Amend, (Doc. 42), be DENIED on the basis of prejudice to Defendants and futility.  The Court recommends the Motion to Amend be denied with prejudice as to adding NMCD as a defendant and adding additional federal claims, and recommends the Motion to Amend be denied without prejudice as to the tort claims under the NMTCA.[2]

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

---

[2] Upon resolution of these Proposed Findings and Recommended Disposition, the Court will order Plaintiff to serve the operative complaint, (Doc. 13), on the remaining unserved Defendants: GEO Group, Inc.; Centurion Correctional Healthcare; and Gina Lutz.  After all defendants have entered the case, the Court will set a scheduling conference to set discovery and other pretrial deadlines.