## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

      Plaintiff,

v.                                               Case No. Civ. 20-612 RB/KRS

ALISHA TAFOYA-LUCERO, *et al.*,

      Defendants.

## ORDER ADOPTING PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD) entered January 5, 2023. (Doc. 63.) Judge Sweazea recommends denying Plaintiff Robert Vasquez's Motion to Amend Complaint. (Doc. 42.) On January 13, 2023, Vasquez filed a document titled Response to Proposed Findings and Recommended Disposition, which the Court construes as objections to the PFRD. (Doc. 65.) Defendants Julie Jones, Alisha Tafoya-Lucero, Janine Rodriguez, and Matt Meehan (the NMCD Defendants) and the New Mexico Corrections Department (NMCD) filed a response to Vasquez's objections on January 27, 2023. (Doc. 66.) Having conducted a de novo review of those portions of the PFRD to which Vasquez objects pursuant to 28 U.S.C. § 636(b)(1)(C), the Court finds that Vasquez's objections are without merit. Accordingly, the Court overrules Vasquez's objections, adopts the PFRD, and denies Vasquez's Motion to Amend.

## I.     BACKGROUND

Vasquez initiated this case as a pro se prisoner under 42 U.S.C. § 1983 on June 24, 2020. (Doc. 1.) He filed a First Amended Complaint on July 14, 2020. (Doc. 4.) Pursuant to the Court's order to amend his pleadings to comply with Federal Rule of Civil Procedure 8(a) and identify the

individuals involved in the alleged wrongdoing (Doc. 12), Vasquez filed an Amended Prisoner

Civil Rights Complaint on June 1, 2021, raising claims under 42 U.S.C. § 1983 against Defendants

Julie Jones; Alisha Tafoya-Lucero; GEO Group, Inc.; Janine Rodriguez; Centurion Correctional

Healthcare; Wexford Health Sources, Inc.; Christopher Brawley; Matt Meehan; and Gina Lutz.

(Doc. 13.) Vasquez alleges that fellow inmates stabbed him on January 28, 2019, at the Northeast

New Mexico Correctional Facility (NNMCF) and that NNMCF medical officials delayed

emergency care, leading to emergency surgery and the removal of Vasquez's spleen. (*See id.* at 6–

8.) When Vasquez was transferred to another prison, medical professionals allegedly refused to

dispense treatment as prescribed and the grievance coordinator failed to forward Vasquez's request

for emergency intervention. (*Id.* at 9–13.) Vasquez brings the following claims against Defendants:

> (1) Violation of the Eighth Amendment against Defendants GEO Group and Jones
> for deliberate indifference or reckless disregard leading to Vasquez's stabbing;
>
> (2) Violation of the Eighth Amendment against Defendants Centurion, Brawley,
> Rodriguez, Wexford, Lutz, and Meehan for denial or delay of medical care or
> treatment; and
>
> (3) Violation of the First Amendment against Defendants Rodriguez and Tafoya-
> Lucero for retaliation against Vasquez for filing grievances and for failure to follow
> their grievance policies.

(*Id.* at 14–18.) The Court reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915A and

Federal Rule of Civil Procedure 12(b)(6) and found that "[c]onstrued liberally, the Amended

Complaint complies with [the Court's] directives and survives initial review." (Doc. 15.) The

NMCD Defendants and Defendant Brawley have filed Answers to the Amended Complaint, and

counsel for Defendant Wexford Health Sources, Inc. has entered an appearance in the case. (Docs.

31; 33–34.)

On April 29, 2022, counsel entered an appearance on Vasquez's behalf. (Doc. 36.) The

Magistrate Judge entered an Order to Show Cause for Vasquez to provide valid, current addresses

for serving process on the three defendants who had not yet entered the case—Defendants GEO Group, Centurion, and Lutz—or to show cause why his claims against those defendants should not be dismissed. (Doc. 15.) In response to the Order to Show Cause, Vasquez's counsel stated that he planned to file a motion to amend the complaint and that he would serve any defendants who had not yet been served after that motion was resolved. (Doc. 40.) Vasquez then filed his Motion to Amend (Doc. 42), which is currently before the Court.

Vasquez moves to amend his complaint pursuant to Federal Rule of Civil Procedure 15 and attaches his proposed amended complaint. (*See* Doc. 42-A.) Vasquez's proposed amended complaint seeks to add NMCD as a defendant and asserts nine causes of action:

> (1) Violation of the Sixth, Eighth, and Fourteenth Amendments against Defendants NMCD, GEO Group, Centurion, Wexford, Brawley, and Lutz for deliberate indifference leading to understaffing, inadequate medical care, and interference with filing grievances (*id.* ¶¶ 44–47);
>
> (2) Violation of Section 504 of the Rehabilitation Act against NMCD for preventing Vasquez from filing grievances "regarding the facts noted above along with other grievances that followed the attack on Plaintiff by violent inmates," "lack of a meaningful grievance process," and failure to follow its grievance policies (*id.* ¶¶ 48–52);
>
> (3) Violation of the First Amendment against all Defendants for retaliation against Vasquez for filing grievances (*id.* ¶¶ 53–72); and
>
> (4)–(9) Violation of the New Mexico Tort Claims Act (NMTCA) for Negligent Operation of a Prison Facility, Negligent Facility Operation and Maintenance of a Prison, Negligent Operation of a Health Care Facility, Negligent Facility Operation and Maintenance of a Medical Facility, and two claims of Medical Malpractice against different sets of defendants (*id.* ¶¶ 73–111).

In response to the Motion to Amend, the NMCD Defendants argue that Vasquez's claims against NMCD have already been dismissed in the state case, that the NMCD Defendants have already answered Vasquez's first Amended Complaint (Doc. 13) and responded to multiple sets of written discovery in both state and federal court, and that amendment would be futile as to the proposed

claims. (Doc. 44 at 2–11.) Vasquez replies that he did not intend to bring constitutional claims against NMCD and asked the Court to allow him to file yet another proposed amended complaint, which he attached to his reply brief. (*See* Docs. 49 at 14; 49-1.) Vasquez asserts that this proposed "Second" Amended Complaint "clarifies the issues that are of concern to Defendants." (Doc. 49 at 14.)

In the PFRD, Judge Sweazea first addressed which of Vasquez's two proposed amended complaints to consider: the complaint attached to the Motion to Amend (Doc. 42-A); or the complaint attached to the reply brief (Doc. 49-1). (*See* Doc. 63 at 6.) Noting that the Court's local rules require parties to attach the proposed amended complaint to a motion to amend, the Magistrate Judge found that Vasquez's attempt to address the issues raised by Defendants by attaching another proposed amended complaint to his reply brief "is procedurally improper because it essentially raises new issues in a reply brief and prevents Defendants from addressing the new proposed complaint." (*Id.*) Accordingly, the Magistrate Judge considered the proposed amended complaint attached to the Motion to Amend. (*See id.* at 6–7 (further noting: "Regardless of which proposed amended complaint the Court considers, they are both deficient for many of the reasons explained below, and the second proposed amended complaint does not address most of those deficiencies.").)

Next, Judge Sweazea considered the prejudice to Defendants if Vasquez were allowed to proceed on his proposed amended complaint. He stated that "it is the Court's usual practice to allow an amended complaint when a pro se party obtains counsel so that counsel may present claims as they best see fit and for cases to proceed more efficiently." (*Id.* at 9.) Vasquez's proposed amended complaint, however, "seeks to significantly change the scope of this case" by adding a defendant and six new causes of action, bringing claims on behalf of Vasquez and other inmates,

and incorporating facts relating to incidents other than the one referred to in Vasquez's original complaint. (*Id.* (citing Doc. 42 ¶ 42 (allegations regarding grievances submitted by Vasquez and by unnamed inmates), ¶ 50 (adding a claim under the Rehabilitation Act).) Judge Sweazea also found that the proposed amended complaint failed to explain what each defendant did to Vasquez, when the defendant did it, how the defendant's actions harmed him, and what specific legal right the defendant violated. (*Id.* at 10 (citing Doc. 42 ¶ 47).) Therefore, the PFRD recommends denying Vasquez's Motion to Amend on the basis that it will prejudice Defendants because the proposed amendments far exceed the scope of Vasquez's original complaint and do not comply with Rule 8's requirement for a short, plain statement of the grounds for relief. (*Id.* at 10–11.)

In addition, Judge Sweazea considered whether Vasquez's proposed claims would be futile. He first found that the constitutional claims against NMCD fail because a state agency cannot be sued under Section 1983 as it is not a "person" for the purposes of Section 1983. (*Id.* at 11 (citing *Hull v. State of N.M. Taxation & Rev. Dept. Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006)).) He next found that Vasquez's claim under Section 504 of the Rehabilitation Act fails as a matter of law because Vasquez does not allege that Defendants failed to follow their grievance policies "by reason of" Vasquez's disability. (*Id.* at 12.) The Magistrate Judge also found that Vasquez's constitutional claims against NMCD for alleged deprivation of the prison grievance process fail as a matter of law because "there is no independent constitutional right to state administrative grievance procedures," and the state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. (*Id.* at 12–13 (quoting *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011)).)

Finally, the Magistrate Judge recommends denying Vasquez's Motion to Amend as to the five state law claims brought under the NMTCA for negligent operation of a prison facility,

negligent operation of a medical facility, and medical malpractice by various Defendants. (*Id.* at 13–14.) Judge Sweazea found that Vasquez failed to meet his burden to specify which section of the NMTCA waives immunity for his state tort claims. While Vasquez later asserted waivers of immunity in his reply brief, the Magistrate Judge reasoned that this "does not provide proper notice to Defendants" and renders Vasquez's proposed state law tort claims insufficient under Rule 8(a)(2). (*Id.* at 14 (citing *Pauly v. N.M. Dept. of Pub. Safety*, No. 12-1311 KG/WPL, 2014 WL 12696949, at *3 (D.N.M. Feb. 10, 2014)).) Therefore, the PFRD recommends denying without prejudice Vasquez's Motion to Amend as to his state law claims with leave to refile in accordance with the requirements of Rule 8 and the NMTCA. (*Id.* at 15.)

## II.    OBJECTIONS

### A.    Rehabilitation Act Claim

Vasquez first objects to the recommendation that the Motion to Amend be denied as to the addition of a claim under the Rehabilitation Act of 1973, 29 U.S.C. § 794. (*See* Doc. 65 at 1–3.) Vasquez states that "the NMCD took advantage of Vasquez's low IQ and [intellectual development disorder] status by denying his grievances for medical care and his grievances from the beating and stabbing which resulted in the removal of his spleen." (*Id.* at 1–2.) Vasquez further states that "NMCD and NMCD Defendants have refused to allow Vasquez to file grievances and/or to allow his grievances to be processed regarding the stabbing at issue, and to receive proper medical care and safety," and he asks the Court to allow him another chance to file a claim under the Rehabilitation Act "naming specifically the NMCD as the proper party Defendant." (*Id.* at 2–3.)

To state a claim under Section 504 of the Rehabilitation Act, Vasquez "must allege that (1) [he was] a qualified individual with a disability, (2) who was excluded from participation in or

denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (citing 42 U.S.C. § 12132) (subsequent citation omitted); *see also Swenson v. Lincoln Cnty. Sch. Dist. No. 2*, 260 F. Supp. 2d 1136, 1145 (D. Wyo. 2003) (noting that "[t]he elements of a cause of action under Title II of the ADA and section 504 of the Rehabilitation Act are the same because Congress has directed courts to construe the ADA as giving at least the same amount of protection as the Rehabilitation Act") (citations omitted).

Vasquez states that he "suffers from numerous mental health issues" and intellectual and developmental disorders and claims that Defendants violated the Rehabilitation Act by "fail[ing] to follow their own policies regarding the grievance policies." (Doc. 42 at 31.) Vasquez further explains in his objections that NMCD "took advantage" of his mental disabilities by denying his grievances, refusing to allow him to file grievances, and refusing to allow his grievances to be processed. (Doc. 65 at 1–2.) However, these assertions do not constitute a claim that NMCD denied Vasquez access to services, programs, or activities or that any such denial was because of his disability. (*See* Doc. 66 at 4 ("Plaintiff does not *connect* the alleged *denial* of his grievances to his disability[,]" and therefore "cannot demonstrate elements two and three of a § 504 claim—that he was denied access to or benefits of services, programs, or activities, or was otherwise discriminated against and that such actions were because of his disability."); *compare Clarkson v. Coughlin*, 898 F. Supp. 1019 (S.D.N.Y. 1995) (granting relief under Rehabilitation Act, ADA, due process and Eighth Amendment where hearing-impaired inmates alleged their rights were violated by, inter alia, practice of conducting disciplinary, grievance, and parole hearings without providing interpretive services or assistive devices). Moreover, Vasquez states throughout his complaint that

he has filed numerous grievances, appealed those grievances, and sought relief from state and federal courts regarding the outcome of the grievances, which demonstrates access to and use of the grievance system. (*See* Doc. 42-A ¶ 39 (stating Vasquez filed a grievance about the January 2019 stabbing and then "filed an appeal in an attempt to have NMCD address the issue, and the Director of Adult Prisons accepted the appeal and ruled on the merits and denied the appeal"), ¶ 42 (describing grievances and appeals of grievances Vasquez filed on October 5, 2020, December 30, 2020, and January 28, 2021).) The Court overrules this objection.

### B.    Eighth Amendment Claim

Next, Vasquez objects to the Magistrate Judge's findings regarding his grievance policy claim. (Doc. 65 at 3–8.) Vasquez states:

> What Plaintiff complains of is that he had Eighth Amendment rights regarding cruel and unusual punishment regarding physical abuse and safety, and inadequate medical treatment after being stabbed and beaten at various times and that as a result of the grievance policy at issue he was denied his right to allowed [sic] to file grievances and appeals on October 5, 2020, December 30, 2020, and January 28, 2021; however each and every one of the grievances were denied outright or on appeal.

(*Id.* at 4.) Vasquez argues that the NMCD's policy and custom "of allowing inmates to file grievances in some instances that allege Eighth Amendment allegations, and then dismissing them for being untimely filed, or for dismissing each and every grievance on appeal is a violation of the Eighth Amendment" and "results in [his] valid Eighth Amendment claims not being protected." (*Id.* at 5–6.)

Vasquez fails to show an Eighth Amendment violation. "[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd*, 443 F. App'x at 332 (citation omitted). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Id.* (citations omitted) "[W]hen the claim underlying the

administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Id.* (quotation omitted); *see also Merryfield v. Jordan*, 431 F. App'x 743, 749–50 (10th Cir. 2011) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures). Moreover, the Eighth Amendment prohibition against cruel and unusual treatment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), such as "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm[,]" *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008) (citations omitted); *see also Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (explaining that an Eighth Amendment claim for failure to protect requires an inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm" and that the prison official "is deliberately indifferent to the inmate's health or safety) (citations and quotation marks omitted). Here, Vasquez's claim that his grievances for Eighth Amendment violations were not properly considered by NMCD and its employees does not state a claim under the Eighth Amendment because denial of grievances does not constitute "a specific deprivation of a human need." *See Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (dismissing Eighth Amendment claim based on a prisoner's allegation that he had to remain in an overcrowded prison "without the benefit of emergency time credits" because prisoner did not allege deprivation of a necessity). Therefore, the Court overrules this objection.

### C.   NMTCA Claims

Finally, Vasquez states in his objections that he agrees with the Magistrate Judge's

recommendation that the Motion to Amend be denied without prejudice as to his state law claims and asks "that he also be allowed to proceed on the medical malpractice claims noted." (Doc. 65 at 8.) NMCD and the NMCD Defendants respond that Vasquez should not be permitted to refile his state law claims against them because case law establishes that there is no waiver of immunity for those claims and that Defendants would be prejudiced by their addition to this case. (Doc. 66 at 7–10.)

In his Motion to Amend, Vasquez seeks to add five claims under the NMTCA for negligent operation of a prison facility, negligent operation of a medical facility, and medical malpractice by various Defendants. (Doc. 42 at 32–44.) Defendants opposed the addition of these claims on the basis that Vasquez failed to identify what waiver of the NMTCA he is suing under and that there are no applicable waivers for his asserted claims. (Doc. 63 at 13–15.) Vasquez replied and asserted that immunity is waived pursuant to NMSA § 41-4-6 as to Defendant Jones as the Secretary of Corrections because she has a duty and the authority to maintain prisons in a safe condition; that NMSA § 41-4-6 waives immunity for contractors Wexford and Centurion; and that "the NMCD is liable under an aided-in-agency theory." (Doc. 49 at 10–14.)

Judge Sweazea noted that generally a tort cannot be asserted against public employees unless immunity has been specifically waived by the NMTCA. *See* NMSA § 41-4-4(a); *Barreras v. N.M. Corr. Dep't*, 62 P.3d 770, 776 (N.M. Ct. App. 2002) ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act.") (citations omitted). Moreover, it is Vasquez's burden to specify under which section he is alleging that a governmental defendant has waived its immunity. *See Glover v. Gartman*, 899 F. Supp. 2d 1115, 1153 (D.N.M. 2012); *Rubio*

*by & through Rubio v. Carlsbad Mun. Sch. Dist.*, 744 P.2d 919, 921 (N.M. Ct. App. 1987) (holding that in evaluating claims under the NMTCA, plaintiffs bear the burden of relying on specific and express waivers on immunity to maintain their suit). Because Vasquez did not specify in his proposed amended complaint what section of the NMTCA waives immunity for his state law claims, the Magistrate Judge found that Vasquez's proposed claims were insufficient under Rule 8(a)(2)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 63 at 14–15 (citing *Pauly*, 2014 WL 12696949, at *3) ("[A]lthough Plaintiffs supply the applicable legal basis for their state loss of consortium claim in their response to Defendants' Motion, Plaintiffs cannot provide notice of a claim 'through the discovery process' or in briefs.").) Therefore, the Magistrate Judge recommends denying without prejudice the Motion to Amend as to the state law claims with leave to refile in accordance with the requirements of Rule 8 and the NMTCA. (*Id.* at 15.)

For the first time in response to Vasquez's objections, NMCD and the NMCD Defendants argue that Vasquez should not be permitted to refile his NMTCA claims against them because NMSA § 41-4-6 does not waive immunity for the performance of administrative functions associated with the operation and maintenance of penitentiaries, such as classification of inmates. (Doc. 66 at 8.) They further argue that the NMTCA does not waive immunity for claims of negligent operation of an infirmary when a jail contracts with a private entity to provide medical services, or for claims of negligent supervision. (*Id.* at 9.) These Defendants also contend they would be prejudiced by the addition of the NMTCA claims in this case because the state court dismissed nearly identical claims filed by Vasquez in an earlier case. (*Id.* at 9–10 (citing Doc. 66-1).)

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review," and failure to make timely objections waives appellate review of both factual and legal questions. *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). Because NMCD's and the NMCD Defendants' objection to the Magistrate Judge's recommendation that Vasquez's NMTCA claims be dismissed without prejudice is raised in response to Vasquez's objections and not in response to his original motion, the objection is untimely and does not preserve the issue for de novo review. Nevertheless, Defendants are correct that the NMTCA does not waive immunity for negligent performance of administrative functions in the operation and maintenance of penitentiaries, for negligent operation of an infirmary by a private entity contracted to provide medical services, or for negligent supervision. *See Archibeque v. Moya*, 866 P.2d 344, 347 (N.M. 1993) ("The 'operation' and 'maintenance' of the penitentiary premises, as these terms are used in 41-4-6, does not include the security, custody, and classification of inmates. Section 41-4-6 does not waive immunity when public employees negligently perform such administrative functions.") (citations omitted); *Lessen v. City of Albuquerque*, 187 P.3d 179, 185 (N.M. Ct. App. 2008) (explaining that a governmental entity's constitutional obligation does not equate with waiver of immunity for negligent operation of an infirmary under the NMTCA); *Kreutzer v. Aldo Leopold High Sch.*, 409 P.3d 930, 941–42 (N.M. Ct. App. 2018) ("[T]here is no waiver of immunity under Section 41-4-6(A) for negligent supervision."); *see also Gutwein v. Taos Cnty. Det. Ctr.*, No. 1:15-cv-0672 RB/WPL, 2017 WL 3610532, at *7 (D.N.M. Feb. 24, 2017) (distinguishing "actionable claims from those involving only a discrete administrative decision which, while negligently affecting an individual, did not render the premises more dangerous as a whole," and explaining that "[c]ourts have also applied this standard to the prison context, holding

that negligent supervision of an individual inmate's medical care by a detention facility is not actionable under the NMTCA absent a showing of a generally applicable dangerous practice.") (citations omitted).

Accordingly, the Court will deny Vasquez's Motion to Amend with prejudice as to Vasquez filing a motion to amend to add claims against NMCD or the NMCD Defendants for negligent operation of a prison or medical facility or for negligent supervision to the extent immunity is not waived under the NMTCA.

**IT IS THEREFORE ORDERED** that Vasquez's objections (Doc. 65) are **OVERRULED**, the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 63) are **ADOPTED**, and Vasquez's Motion to Amend (Doc. 42) is **DENIED** as set forth above.

**IT IS FURTHER ORDERED** that Vasquez shall serve the operative complaint (Doc. 13) on the remaining unserved Defendants: GEO Group, Inc.; Centurion Correctional Healthcare; and Gina Lutz, **within ten days of entry of this Order**. After all defendants have entered the case, the Magistrate Judge will set a scheduling conference to set discovery and other pretrial deadlines.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE