#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

ROBERT VINCENT VASQUEZ,

      Plaintiff,

v.                                                                       No. 1:20-cv-0612 RB/DLM

JULIE JONES; ALISHA TAFOYA-LUCERO;
GEO GROUP, INC.; JANINE RODRIGUEZ;
CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO; WEXFORD HEALTH
SOURCES, INC.; CHRISTOPHER BROWLEY;
MATT MEEHAN; GINA LUTZ,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant GEO Group, Inc.'s Motion to Dismiss for Insufficiency of Service of Process and Memorandum of Law in Support. (Doc. 70.) GEO Group, Inc. (GEO) contends that Plaintiff Robert Vasquez failed to serve GEO within the time limit imposed by Federal Rule of Civil Procedure 4(m) and asks the Court to dismiss the lawsuit against it under Rule 12(b)(5). It further contends that the statute of limitations on Vasquez's claim has expired and, therefore, that the claim should be dismissed with prejudice. For the reasons discussed in this Opinion, the Court will grant GEO's motion and dismiss with prejudice Vasquez's claim against GEO.

**I.    Statement of Facts**

Vasquez was an inmate at Northeast New Mexico Correctional Facility (NENMCF). (*See* Doc. 13 ¶¶ 5, 12.) GEO operated NENMCF. (*Id.* ¶ 5.) On January 28, 2019, Vasquez was allegedly attacked and injured by other inmates. (*Id.* ¶ 16.) As relevant here, Vasquez alleges that the attack

was proximately caused by GEO's reckless disregard or deliberate indifference to security failures, understaffing, and insufficient training at NENMCF. (*Id.* ¶ 12.)

Vasquez, proceeding pro se, filed his original Civil Rights Complaint in this Court on June 24, 2020. (Doc. 1.) He filed an Amended Complaint on July 14, 2020. (Doc. 4.) On October 29, 2020, he moved to file a Second Amended Complaint. (Doc. 9.) The Court granted the motion in part (Doc. 12), and Vasquez filed his Second Amended Complaint, which is the operative complaint in this lawsuit, on June 1, 2021. (Doc. 13.) Vasquez named GEO as a defendant in each complaint. (*See* Docs. 1 at 1; 4 at 1; 13 at 1.)

On September 22, 2021, United States Magistrate Judge Kevin Sweazea entered an Order directing the Clerk's Office to issue notice and waiver of service forms to the named defendants at the addresses Vasquez provided in the Second Amended Complaint. (Doc. 15 at 2–3 (citing Doc. 13 at 2–5).) On October 8, 2021, the mail addressed to GEO was returned as undeliverable. (Doc. 18.) Vasquez filed a notice of change of address for GEO on November 8, 2021. (Doc. 27) The Clerk's Office mailed the forms to GEO at the new address on November 8, 2021. (*See* CM/ECF Docket Entry Nov. 8, 2021.)

On April 29, 2022, Anthony Ayala[1] entered an appearance on Vasquez's behalf. (Doc. 36.) On May 2, 2022, Judge Sweazea entered an Order to Show Cause. (Doc. 39.) In relevant part, the Order to Show Cause notes that although the notice and waiver of service forms were mailed to GEO on November 8, 2021, GEO had not answered or entered an appearance. (*Id.* at 2 (citing Doc. 27).) Judge Sweazea ordered Vasquez to provide a valid, current address for GEO within 14 days of the Order. (*Id.* at 2–3.) The Court cautioned Vasquez that failure to comply may result in

---

[1] Attorney Shavon Ayala entered an appearance for Vasquez on September 16, 2022. (Doc. 59.) Anthony Ayala was terminated thereafter. (*See* CM/ECF Docket Entry Sept. 19, 2022.)

2

dismissal of his claims against GEO. (*Id.* at 2.) Vasquez, through counsel, responded to the Order to Show Cause on May 2, 2022, and "ask[ed] the Court to hold it's [sic] proposed ruling in abeyance until Plaintiff's Motion to Amend is decided . . . ." (Doc. 40 at 2.) Vasquez attached the Motion to Amend and filed it as a standalone motion on May 6, 2022. (Docs. 40-B; 42.) The Court quashed the Order to Show Cause on May 9, 2022. (Doc. 43.)

On January 5, 2023, Judge Sweazea entered Proposed Findings and Recommended Disposition (PFRD) recommending that the motion to amend be denied. (Doc. 63.) On February 15, 2023, after the parties briefed objections to the PFRD (*see* Docs. 65–66), the Court adopted the PFRD and denied the motion to amend. (Doc. 68.) The Court also directed Vasquez to serve the operative complaint on GEO Group within ten days, or no later than February 27, 2023. (*Id.* at 13.)

Vasquez mailed the Second Amended Complaint to GEO on March 3, 2023, four days past the Court-imposed deadline. (*See* Doc. 70-B.) GEO received it on March 9, 2023. (*See* Doc. 70-A.) GEO filed a motion to dismiss for insufficiency of service of process on March 16, 2023. (Doc. 70.)

## II.     Legal Standard for Motions to Dismiss under Rule 12(b)(5)

"Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process." *Exec. Consulting, Inc. v. Kilmer*, 931 F. Supp. 2d 1139, 1140 (D.N.M. 2013). "Plaintiffs bear the burden of establishing that service of process was sufficient." *Gallegos v. New Mexico*, No. CV 21-345 JB/GBW, 2022 WL 3226372, at *2 (D.N.M. Aug. 10, 2022), *R&R adopted*, 2022 WL 4591902 (D.N.M. Sept. 30, 2022) (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

>Federal Rule of Civil Procedure 4(m) provides the procedures for service of process. *See id.*

>Relevant here, Federal Rule of Civil Procedure 4(m) enables a court to dismiss an action for a plaintiff's failure to timely effect service:

>>If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

>*Id.* (quoting Fed. R. Civ. P. 4(m)).

In analyzing a motion to dismiss for insufficient service of process, the Court engages in a two-step inquiry. *See id.*; *see also Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court first determines "whether the plaintiff has shown good cause for the failure to timely effect service." *Gallegos*, 2022 WL 3226372, at *2 (quoting *Espinoza*, 52 F.3d at 841). If the plaintiff shows good cause, then the Court must grant an extension to effect proper service. *See id.* If the plaintiff does not show good cause, the Court moves to the second step of the inquiry and "'consider[s] whether a permissive extension of time may be warranted' or whether it should dismiss the case without prejudice." *Id.* (quoting *Espinoza*, 52 F.3d at 841) (subsequent citation omitted).

### III.   Analysis

#### A.   Vasquez has not shown good cause for his failure to timely serve GEO.

There is no doubt that Vasquez failed to serve GEO within Rule 4(m)'s 90-day period. Vasquez filed his original complaint on June 24, 2020. (Doc. 1.) After two amendments (Docs. 4; 13), the Court found that Vasquez's Second Amended Complaint survived screening under 28 U.S.C. § 1915A and authorized service on September 22, 2021. (Doc. 15.) Assuming that the 90-

day time limit was tolled pending screening of the complaint under 28 U.S.C. § 1915A, "the service period in Rule 4(m) ended on [December 21, 2021]—90 days after the court authorized service of [Vasquez's Second] Amended Complaint." *See McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 5642324, at *5 (D. Kan. Sept. 22, 2020) (predicting that the Tenth Circuit would adopt a rule that "toll[s] the service period for an in forma pauperis plaintiff where delayed service is 'caused by the court's consideration of his complaint'") (quoting *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)) (subsequent citations omitted).

As Vasquez failed to adhere to the time limit provided in Rule 4(m), the Court must determine whether he has shown good cause. "[T]he good cause provision of Rule 4([m]) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Padilla v. Walgreen Hastings Co.*, No. CIV 08-1110 JB/CEG, 2009 WL 2951025, at *5 (D.N.M. Aug. 11, 2009) (quoting *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)). Vasquez explains that he was incarcerated and could not use a computer to find GEO's correct address. (Doc. 84 at 5.) He asserts that because he was proceeding pro se at that time, "'the best course' is to find good cause for failure to effect service . . . ." (*Id.*[2]) Vasquez cites no authority to support such a finding. Moreover, Vasquez had resources available to successfully locate the addresses of other defendants.[3]

---

[2] Vasquez's quotation here is misleading. He quotes language from *Martinez-Jones v. Dulce Independent Schools*, No. CIV 07-0703 JB/WDS, 2008 WL 2229457, at *6 (D.N.M. Mar. 14, 2008), purportedly to support his proposition that the best course would be to find good cause for his failure to adhere to Rule 4(m) because he was proceeding pro se. (*See* Doc. 84 at 5.) *Martinez-Jones* said no such thing. Rather, the court there found that although a pro se party failed to respond in opposition to a motion, the court could grant the motion as unopposed but found that "the best course is to review the motion on the merits." 2008 WL 2229457, at *6. Vasquez's counsel should take care to make her references to authority clearer.

[3] Vasquez also notes that he "suffers from mild retardation (IDD) and reads at a 6th grade reading level." (Doc. 84 at 4.) As GEO points out, however, Vasquez "competently represented himself in the prior state court litigation, meeting court deadlines . . . , proactively seeking extensions of deadlines when necessary[,] and presenting cogent legal arguments regarding administrative exhaustion" (Doc. 86 at 3 n.1.)

5

In *Frazier v. Jordan*, the pro se incarcerated plaintiff appealed the district court's dismissal of several defendants for his failure to timely serve process. *Frazier v. Jordan*, No. 06-1333, 2007 WL 60883, at *5 (10th Cir. Jan. 10, 2007). The district court had twice given the plaintiff permissive extensions of time to serve the defendants and an opportunity to conduct discovery into unnamed defendants. *Id.* In affirming the dismissal, the Tenth Circuit noted that "[a] pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *Id.* (quoting *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)). Similarly, here, neither Vasquez's pro se status nor his incarceration are sufficient to show good cause for his early failure to serve GEO within 90 days.

Even so, the Court granted Vasquez a significant permissive extension. After Vasquez obtained counsel, the Court entered an Order to Show Cause, ordering Vasquez to properly serve GEO or risk dismissal. (Doc. 39.) Rather than serve GEO as ordered, Vasquez sought an "abeyance" of the Court's order to serve GEO pending a decision on another motion to amend. (Doc. 40.) The Court granted the request. (Doc. 43.) After denying the motion to amend, the Court ordered Vasquez to serve GEO within ten days. (*See* Doc. 68 at 13.)

February 27, 2023, marked the final day of Vasquez's long permissive extension to serve GEO. (*See id.*) Vasquez waited four days beyond that deadline to comply, mailing service to GEO on March 3, 2023. (*See* Doc. 70-B.) The Court thus considers whether Vasquez can establish good cause for his failure to timely serve GEO after receiving a permissive extension.

Vasquez's attorney asserts that service was delayed because she was communicating with Vasquez, who is still incarcerated, about the order. (*See* Doc. 84 at 6.) She states that she "had only 10 days to . . . provide the order to her client and then explain what it meant to him and to give him the alternatives he had, and to serve GEO . . . ." (*Id.* at 7.) GEO argues that this explanation fails to demonstrate good cause. (Doc. 86 at 3–4.) "If an attorney-client consultation was, indeed,

6

required before counsel could ethically place the summons and Amended Complaint in the mail to GEO's registered agent, and if that consultation could not be accomplished within ten days," GEO contends, "the remedy was to seek an extension of time before the deadline expired pursuant to Rule 6(b)(1)." (*Id.* at 4.) The Court agrees. Vasquez is not free to comply with only those orders that are convenient. Had Vasquez filed a motion to extend the ten-day period, the Court would be more inclined to grant an additional permissive extension. Vasquez did not.

"Good cause comes into play in situations in which there is no fault—excusable or otherwise." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017). "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id.* at 700–01 (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)). "It requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Id.* (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Although Vasquez's attorney argues that she could not meet the deadline because she had to consult with her client, her reasoning falls short. Even if she believed that Vasquez had options to choose from after the Court denied the motion to amend (*see* Doc. 84 at 7), she fails to explain why she could not have served GEO immediately and also exercised one of those options later. Moreover, she fails to offer any explanation for why she did not ask the Court for a short extension, choosing instead to ignore the deadline. These decisions to disregard the deadline were within Plaintiff's control. Consequently, Vasquez fails to show that he could not meet the deadline despite his diligent efforts.

Vasquez argues that he has shown "excusable neglect" for his failure to timely serve GEO. (Doc. 84 at 7.) That is not the correct standard. GEO surmises that Vasquez may have "conflate[d] the 'good cause' standard of Rule 4(m) with the 'excusable neglect' standard of Rule 6(b)(1)(B)."

7

(Doc. 86 at 2.) "Under Rule 6(b)(1), a district court may extend a deadline for 'good cause'" if the party moves for the extension *before* the original deadlines has passed. *Utah Republican Party*, 678 F. App'x at 700 (citing *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016); Fed. R. Civ. P. 6(b)(1)(A)). "But if the extension request is made after the deadline, . . . the court must also determine whether 'the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(B)). As GEO points out, Vasquez has not moved for an extension.

Regardless, "[e]xcusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting *Broitman v. Kirkland*, 86 F.3d 172 F.3d 172, 175 (10th Cir. 1996)). Critically, "'[g]ood cause' requires a greater showing than 'excusable neglect.'" *See id.* (quoting *Broitman*, 86 F.3d at 175) As the Court has already found that Vasquez has not shown good cause, he cannot meet the lesser excusable neglect standard.

In *Stringfellow v. Brown*, the district court entered summary judgment based on the plaintiff's failure to respond to the defendant's motion. 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. 1997). The plaintiff appealed and argued that the court should have accepted a late response under Rule 6(b) due to excusable neglect. *Id.* The Tenth Circuit disagreed that the plaintiff showed excusable neglect, noting "that plaintiff's attorney received the motion and knew of the need to respond, but simply disregarded the deadline based on the volume of evidence to be reviewed and his workload." *Id.* at *2. The Tenth Circuit concluded that "where counsel did not even move for an extension of time, his busy workload does not establish excusable neglect . . . ." *Id.* The same is true here. Vasquez's counsel knew of the deadline and chose not to respond or file a motion to extend. Vasquez fails to show excusable neglect.

The Court holds that Vasquez has not demonstrated good cause for his failure to comply with Rule 4(m) or with the Court's permissive extension of the time limit for service. The Court therefore moves "to the second inquiry: whether a permissive extension of time for [Vasquez] to serve [GEO] is warranted." *See Gallegos*, 2022 WL 3226372, at *3 (citing *Espinoza*, 52 F.3d at 841).

### B.   A permissive extension of time is not warranted.

In determining whether to grant a permissive extension, the Court considers several factors: "whether the plaintiff is proceeding pro se," *see id.* (citing *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 53 (10th Cir. 2021)); "the possibility of prejudice to the defendants," *id.* (quoting *Sullivan*, 844 F. App'x at 53); "whether 'the complex requirements of multiple service under Rule 4(i)' are in play," *id.* (quoting *Espinoza*, 52 F.3d at 841); "and whether the applicable statute of limitations would bar a refiled action," *id.* (citing *Espinoza*, 52 F.3d at 841; *Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 624 (10th Cir. 2020)).

The Court finds that the factors do not weigh in favor of another permissive extension of time. The first and third factors weigh against an extension: Vasquez is neither pro se nor does he argue that service was complex.

The second and fourth factors are related and also weigh against an extension under the circumstances of this case. Although GEO does not explicitly argue that it will be prejudiced, it does contend that the statute of limitations on Vasquez's claim has run and that GEO should not be forced to defend against a time-barred claim. (*See* Docs. 70 at 9; 86 at 6–8.) The parties agree that Vasquez's sole claim against GEO—failure to protect in violation of the Eighth Amendment—is subject to a three-year statute of limitations. (*See* Docs. 13 ¶¶ 51–53; 70 at 9 (citing *Yruegas v. Vestal*, 356 F. Supp. 2d 1238, 1241–42 (D.N.M. 2004)); 84 at 3.) The parties also agree that

Vasquez's action accrued on January 28, 2019, the date on which he sustained his injuries. (*See* Docs. 70 at 9; 84 at 3.) GEO argues that the statute of limitations ran on January 28, 2022, exactly three years later.[4] (Doc. 70 at 9.) Vasquez disagrees and argues that the statute of limitations has not run. (Doc. 84 at 3.) Vasquez asserts without citing supporting authority that the Court's screening process tolled the statute of limitations. (Doc. 84 at 3.)

The Court construes his contention as an argument for equitable tolling. "Equitable tolling of a statute of limitations applies only in 'rare and exceptional circumstances.'" *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1217 (D.N.M. 2010), *aff'd*, 499 F. App'x 771 (10th Cir. 2012) (quoting *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007)). "Generally, equitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (citing *Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (2004)) ("Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control."). Vasquez fails to show that he diligently pursued his rights or that an extraordinary circumstance prevented him from doing so. Again, nothing prevented Vasquez from serving GEO even before the Court ruled on his amended complaint. He made the deliberate choice to wait.

In *McCoy*, the court was faced with similar circumstances: an incarcerated plaintiff asked the court to toll the statute of limitations on his claim during the time that the court was screening the complaint under § 1915 and deciding whether to issue a *Martinez* Report. *See* 2020 WL 5642324, at *6. The plaintiff further argued that he could not "discern[] the identity of the persons

---

[4] GEO notes that the statute of limitations may have been tolled for the 90 days after Vasquez filed his original complaint. (*See id.*) Even with such tolling, the Court's decision would not change.

who injured him" before the court issued the *Martinez* report. *Id.* (emphasis omitted). The court was unpersuaded. *See id.* Because the plaintiff did not establish that he "'diligently' pursued his rights" during the screening period, the court found that equitable tolling was not warranted. *See id.*

Here, Vasquez knew GEO's identity but failed to serve it even after he obtained counsel. Under the circumstances of this case, where Vasquez knew the identity of the defendant and his attorney opted to wait to serve GEO until some unknown time in the future, the Court finds that Vasquez cannot demonstrate that he has either diligently pursued his rights or that any extraordinary circumstance stood in his way. *See Yang*, 525 F.3d at 928. Consequently, the Court will not grant another permissive extension for Vasquez to serve GEO and will grant GEO's motion to dismiss.

        **C.**        **The Court will dismiss the claim with prejudice.**

"While a dismissal for failure to timely serve is without prejudice, rule 4(m) can interact with a statute of limitations, such that the dismissal without prejudice might, upon refiling, result in a defense that the statute of limitations on the claim has run." *Padilla*, 2009 WL 2951025, at *3 (D.N.M. Aug. 11, 2009). "Some federal courts have held that, although the statute of limitations is tolled during the [90] days after filing, 'if a plaintiff fails to effect service during the [90] days allotted by Rule 4(m), then the statute of limitations for the underlying claim again becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint." *Id.* (quoting *Ocasio v. Fashion Inst. of Tech.*, 86 F. Supp. 2d 371, 376 (S.D.N.Y. 2000)) (citing *Frasca v. United States*, 921 F.2d 450, 452, 453 (2d Cir. 1990)). And while "the Advisory Committee's Notes on rule 4(m) discuss courts' discretionary power to excuse untimely services," *see id.* (discussing Advisory Committee Notes to the 1993 Amendment at 56), the Court

declines to exercise its discretion to excuse Vasquez's failure in this matter for the reasons discussed above. The Court will thus dismiss the claim with prejudice as barred by the applicable statute of limitations.

    **THEREFORE,**

    **IT IS ORDERED** that GEO's Motion to Dismiss for Insufficiency of Service of Process (Doc. 70) is **GRANTED** and Vasquez's claim against GEO (Count I) is dismissed with prejudice as to GEO only.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE