## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT VINCENT VASQUEZ,

      Plaintiff,

v.                                  No. 1:20-cv-0612 RB/DLM

CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO, MATT MEEHAN,
CHRISTOPHER BROWLEY, WEXFORD
HEALTH SERVICES, INC., and GINA LUTZ,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Robert Vasquez's Motion to Amend Complaint for Violations of Civil Rights Against Medical Providers (Doc. 141) and his Motion to Stay Case Management Deadlines (Doc. 146). Vasquez seeks to amend his Complaint to add four new defendants, factual allegations to his claim for deliberate indifference, and a new claim for retaliation. (*See* Doc. 141-1.) Having considered the parties' arguments and the relevant law, the Court will **grant in part** the motion to amend. (Doc. 141). Because Vasquez's scheduling concerns are alleviated with this Opinion, the Court will **deny as moot** the motion to stay. (Doc. 146.) Finally, the Court will **quash** the Order to Show Cause entered on July 5, 2024. (*See* Doc. 162.)

### I.    Relevant Background[1]

Vasquez was an inmate at Northeast New Mexico Correctional Facility (NENMCF). (*See* Doc. 13 ¶¶ 5, 12.) Defendants Centurion Correctional Healthcare of New Mexico and Wexford Health Services, Inc. contracted with the New Mexico Corrections Department (NMCD) to provide healthcare. (*Id.* ¶¶ 7–8.) Defendant Browley was a Licensed Practical Nurse (LPN)

---

[1] The Court recites the facts as they are alleged in the operative complaint. (Doc. 13.)

employed by Centurion, and Defendant Lutz was a physician employed by Wexford. (*Id.* ¶¶ 9, 11.) Defendant Meehan was the Health Services Administrator for NMCD and Wexford.[2] (*Id.* ¶ 10.) The Court refers to Centurion and Browley as the Centurion Defendants, and to Wexford, Lutz, and Meehan as the Wexford Defendants.

On January 28, 2019, Vasquez was attacked and injured by other inmates. (*Id.* ¶ 16.) Vasquez alleges that the Centurion Defendants were deliberately indifferent to and failed to appropriately treat his injuries following the attack. (*Id.* ¶ 19–24.) Once he was transferred to the hospital, Vasquez underwent emergency surgery for internal injuries. (*Id.* ¶ 24.) Vasquez was transferred to Guadalupe County Correctional Facility on February 25, 2019, and then to the Penitentiary of New Mexico on August 22, 2019. (*Id.* ¶¶ 25–26.) Vasquez alleges that Centurion employees abruptly discontinued certain medication around November 2019, which caused him pain and suffering. (*Id.* ¶ 27.) Despite his requests for treatment, Vasquez alleges that Wexford and Lutz did not follow through with new treatment for nerve damage from November 2019 through March 2021, and later failed to dispense prescribed treatment. (*Id.* ¶¶ 29–30.)

Vasquez asserts that he submitted complaints and grievances about his treatment, but Wexford and Lutz refused to dispense his prescribed treatment and, in December 2020, decided that he no longer qualified for medical treatment. (*Id.* ¶¶ 31–34.) He alleges that "Meehan took no corrective action" on his grievances. (*Id.* ¶ 32.) He further alleges that the Wexford Defendants failed to maintain an adequate medical record system or purposefully destroyed or tampered with his medical records. (*Id.* ¶ 36.)

Vasquez, proceeding pro se, filed his original Civil Rights Complaint in this Court on June

---

[2] Although Vasquez states in the operative complaint that Meehan "was the Health Services Administrator for the NMCD and Centurion and Wexford Health," it appears that Meehan is a Wexford employee and is not associated with Centurion. (*See* Docs. 13 ¶ 10; 141-1 ¶ 7.)

24, 2020. (Doc. 1.) He filed a First Amended Complaint on July 14, 2020. (Doc. 4.) On October 29, 2020, he moved to file a Second Amended Complaint. (Doc. 9.) The Court granted the motion in part (Doc. 12),[3] and Vasquez filed his Second Amended Complaint, which is the operative complaint in this lawsuit, on June 1, 2021. (Doc. 13.) Vasquez brought three claims in the Second Amended Complaint: (1) deliberate indifference in violation of the Eighth Amendment against now-dismissed Defendants GEO and Jones; (2) deliberate indifference through the denial or delay of medical care in violation of the Eighth Amendment against Centurion, Browley, Rodriguez, Wexford, Lutz, and Meehan; and (3) retaliation in violation of the First Amendment against now-dismissed Defendants Rodriguez and Tafoya-Lucero. (*See* Doc. 13 at 14–18.)

On April 29, 2022, Anthony Ayala entered an appearance on Vasquez's behalf. (Doc. 36.) Through counsel, Vasquez again moved to amend his complaint on May 6, 2022. (Doc. 42.) Attorney Shavon Ayala entered an appearance for Vasquez on September 16, 2022.[4] (Doc. 59.) On January 5, 2023, Judge Sweazea entered Proposed Findings and Recommended Disposition (PFRD) recommending that the motion to amend be denied. (Doc. 63.) On February 15, 2023, after the parties briefed objections to the PFRD (*see* Docs. 65–66), the Court adopted the PFRD and denied the motion to amend. (Doc. 68.)

On March 16, 2023, GEO moved to dismiss Count I on the basis of insufficiency of service of process. (Doc. 70.) The Court granted the motion and dismissed Vasquez's claim against GEO. (Doc. 93.) On November 2, 2023, Jones, Rodriguez, and Tafoya-Lucero moved for judgment on

---

[3] The Court granted in part Vasquez's motion to amend, finding that the proposed Second Amended Complaint did not comply with Federal Rule of Civil Procedure 8(a). (*See* Doc. 12 at 1.) The Court directed Vasquez to file an amended complaint that complied with Rule 8(a). (*Id.* at 2.) The Court did not, however, direct Vasquez to omit any specific defendants or allegations. (*See id.*) Accordingly, the operative complaint (Doc. 13) is different from the proposed amended complaint Vasquez attached to his earlier motion (*see* Docs. 9; 9-1).

[4] Anthony Ayala was terminated thereafter. (*See* CM/ECF Docket Entry Sept. 19, 2022.)

the pleadings. (Doc. 109.) The Court found Jones, Rodriguez, and Tafoya-Lucero were entitled to qualified immunity and dismissed the claims in Counts 1 and 3 against them.[5] (Doc. 120.) Thus, the only claim remaining in the operative complaint is Count 2 for deliberate indifference based on the denial or delay of medical care or treatment. (*See* Doc. 13.)

On May 15, 2024, United States Magistrate Judge Damian Martínez held a Rule 16 scheduling conference and entered a scheduling order. (Docs. 137–38.) On June 9, 2024, Vasquez filed the Motion to Amend presently before the Court. (Doc. 141.)

Vasquez seeks to add four defendants to his proposed Third Amended Complaint:

(1) Centurion John Doe Doctor/Medical Director (Doc. 141-1 ¶ 11). Vasquez alleges that on February 7, 2019, while housed in the long-term care unit (LTCU), Centurion John Doe Doctor diagnosed a skin infection but did not treat the wound or indicate an infection. (*Id.* ¶¶ 11, 28, 68–70.)

(2) Centurion Jane Doe Nurse (*id.* ¶ 12). Vasquez alleges that Centurion Jane Doe Nurse evaluated him between February 7–21, 2019, while housed at the LTCU, and found that he did not have a wound infection. (*Id.* ¶¶ 12, 29, 68–70.) The Court refers to Centurion John Doe Doctor and Jane Doe Nurse collectively as the Centurion Doe medical providers.

(3) Ellen Whittman, a Wexford Physician Assistant (*id.* ¶ 9).[6]

(4) Gery French, M.D., a Wexford physician (*id.* ¶ 10). Vasquez alleges that after he was transferred to the Penitentiary of New Mexico (PNM), Whittman and French discontinued and

---

[5] On March 1, 2024, Vasquez filed a notice of appeal of the Court's Opinion dismissing Jones, Rodriguez, and Tafoya-Lucero, but later stipulated to the dismissal of the appeal. (Docs. 122; 125–27.)

[6] Vasquez named Whittman as a Defendant in his First Amended Complaint (*see* Doc. 4 at 1 (naming "Ellen Wittman)), together with allegations concerning the change to his pain medications (*see id.* at 10–11). Vasquez alleged in the operative complaint that Centurion employees abruptly stopped his pain medication, but he omitted Whittman as a defendant, and he has never named French until this proposed amended complaint. (*See* Doc. 13 ¶ 27; *see also* Docs. 1; 4; 9.)

changed Vasquez's pain medication without his informed consent.[7] (*Id.* ¶¶ 39, 43–44, 73–75.)

Finally, Vasquez seeks to add a Count 2 for retaliation and alleges that "Centurion had [him] transferred out of LTCU because [he] filed a grievance" regarding the inadequate wound treatment and resulting infection. (*Id.* ¶¶ 76–78.)

## II.   Motion to Amend Standard

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)) (internal citation omitted). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility

---

[7] Vasquez also makes more specific allegations in the proposed Third Amended Complaint, including, for example, medications that Wexford employees failed to provide (*compare id.* ¶¶ 28–29, *with* Doc. 141-1 ¶¶ 41, 45–47, 49) and spoliation of medical records (*compare* Doc. 13 ¶ 36, *with* Doc. 141-1 ¶ 50).

question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted).

## III.   Analysis

Defendants argue that the Court should deny the motion to amend because the statute of limitations has run; Vasquez's motion constitutes undue delay; and the newly proposed claims are futile. (Docs. 147; 161.)

### A.   Statute of Limitations

The parties agree that New Mexico's three-year statute of limitations applies to Vasquez's § 1983 claims. (*See* Docs. 147 at 8; 153 at 4; 161 at 3.) *See also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) ("The statute of limitations for § 1983 claims in New Mexico is [three] years."). Because the events at issue in the proposed amended complaint occurred in 2019, Defendants argue that Vasquez is time-barred from adding new parties or claims at this late date. (Docs. 147 at 8–9; 161 at 3–4.) Vasquez does not dispute that the statute of limitations has run; rather, he argues that the statute of limitations should be equitably tolled because he is incapacitated.[8] (Doc. 153 at 3–4; Doc. 164 at 3.) As discussed below, the Court declines to deny Vasquez's motion based on Defendants' statute of limitations argument at this time and will allow Defendants to challenge his claim for equitable tolling in a motion for summary judgment.

The Tenth Circuit "has held that 'state law governs limitations and tolling issues' in § 1983 cases." *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007) (quoting *Garrett v. Fleming*,

---

[8] The Centurion Defendants assert a legally sound argument that Vasquez cannot add new Doe Defendants where the statute of limitations has run and the relation back doctrine does not apply. (*See* Doc. 147 at 8–9.) Were the issue of equitable tolling not at play, the Court would likely agree with their position. *See, e.g., Butchard v. Cnty. of Doña Ana*, 287 F.R.D. 666, 671 (D.N.M. 2012) ("In the Tenth Circuit, a plaintiff may not rely on the relation back doctrine to substitute a named party for a Doe defendant named in the original complaint.") (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004)). The Centurion Defendants made this argument, however, without the benefit of briefing or development of the record on the issue of equitable tolling. Consequently, the Court declines to address the relation back doctrine in this Opinion. If appropriate, the Centurion Defendants may raise this issue at a later date.

362 F.3d 692, 697 (10th Cir. 2004)) (subsequent citations omitted). "Only generally applicable tolling provisions—such as those based on minority, incapacity, and equitable grounds—should be incorporated for use under § 1983." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1213 (10th Cir. 2014) (citation omitted). State law provides for tolling of the statute of limitations due to incapacity. *See id.* at 1214 (citing N.M. Stat. Ann. § 37-1-10). "New Mexico courts have explained that a person is incapacitated when [he] 'is unable to manage [his] business affairs or estate, or to comprehend [his] legal rights or liabilities.'" *Id.* (quoting *Lent v. Emp't Sec. Comm'n*, 658 P.2d 1134, 1137 (N.M. Ct. App. 1982)). The plaintiff bears the burden of establishing that equitable tolling applies. *Roberts*, 484 F.3d at 1241.

Vasquez asserts that he "qualifies for incapacitated tolling" because he "has received mental health treatment in the Los Lunas Correctional Facility," he cannot take upper education courses with the NMCD "because testing shows that he does not function over a sixth (6th grade) level[,]" he took special education classes in school, and he "suffers from several mental health and drug issues . . . ." (Doc. 153 at 4–5.) Vasquez also asserts that "his medical records indicate that he qualifies under the Americans with Disabilities Act . . . and § 504 of the Rehabilitation Act . . . ." (*Id.* at 4.) Although Vasquez offers no documentation in support of his argument, it is not entirely clear he must do so at the motion to amend or motion to dismiss stage. *See, e.g.*, *Tavasci v. Cambron*, No. CIV 16-0461 JB/LF, 2016 WL 6405896, at *13 (D.N.M. Oct. 25, 2016) (noting that "[t]he Tenth Circuit has not clarified whether" allegations regarding equitable tolling "must be pled with supporting facts in the complaint or may be merely argued in response to the motion" to dismiss). Consequently, the Court declines to deny Vasquez the benefit of equitable tolling at this juncture but will permit Defendants to raise the issue again, if they so choose, in a motion for summary judgment.

**B.**     **Undue Delay**

The Centurion Defendants contend that because Vasquez offers "no adequate explanation for the failure to identify [the new Defendants] prior to now[,]" his attempt to amend his complaint at this late date "constitutes undue delay and bad faith." (Doc. 147 at 7.) Yet the Centurion Defendants develop no argument to support such a finding. (*See id.*) In the Standard and Law section of their response brief, the Centurion Defendants correctly state that "[i]n the Tenth Circuit, 'it is well settled' that 'untimeliness alone is a sufficient reason to deny leave to amend.'" (*Id.* at 5 (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).) In *Frank*, the Tenth Circuit agreed a motion to amend "was untimely in that it was filed four months after the court's deadline for amending pleadings and because [the p]laintiffs knew or should have known long before that date that [the proposed additional party] was a possible defendant . . . ." 3 F.3d at 1366 (citation omitted). Indeed, many cases finding undue delay involve motions to amend filed *after* the deadline to amend pleadings. *See, e.g.*, *Minter*, 451 F.3d at 1206 (finding no undue delay where the plaintiff added a new claim "just three weeks before the scheduled start of trial" but had "an adequate explanation for the delay"); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (finding undue delay where the plaintiff sought leave to amend five months after discovery ended); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (finding undue delay where the plaintiff sought leave to amend "[nine] months after partial summary judgment was entered and only a few months before the case was scheduled for trial"); *see also Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1212 (D.N.M. 2019), *aff'd,* No. 19-2073, 2021 WL 4979300 (10th Cir. Oct. 27, 2021) ("Undue delay is demonstrated where the proposed amendment comes after the deadline to amend pleadings and the amending party has no adequate explanation for the delay.") (citing *Minter*, 451 F.3d at 1206)).

On the other hand, Vasquez fails to explain why he waited so long after his current counsel entered her appearance to move to amend. (*See* Docs. 153; 164.) The Court can only surmise the reason from this lawsuit's long and winding procedural history: Ms. Ayala entered her appearance four months after prior counsel filed the first counseled motion to amend and five months before the Court denied that motion. (*See* Docs. 42; 59; 68.) Following the denial of that motion, the parties engaged in additional motion practice. (*See* Docs. 70 (motion to dismiss); 110 (motion for judgment on the pleadings).) Following the decisions on those motions (Docs. 93; 120) and almost four years after Vasquez filed this lawsuit, the Court was finally able to hold a scheduling conference and set deadlines (*see* Doc. 138).

Under these circumstances, the Court declines to find undue delay or bad faith where Vasquez's prior allowed amendments were filed pro se and where he moves to amend before the deadline set out in the Scheduling Order. (*See id.* at 1 (setting an August 9, 2024 deadline for Vasquez to move to amend or join additional parties).) The Court takes care to note that it denied Vasquez's previous counseled motion to amend for much different reasons: that is, he sought "to significantly change the scope of this case" by "adding a defendant, significantly modifying his claims, and adding six new causes of action," including "claims [brought] on behalf of himself and other inmates . . . ." (*See* Doc. 63 at 9 (citing Doc. 42).) Indeed, United States Magistrate Judge Kevin Sweazea noted in the Proposed Findings and Recommended Disposition this Court's usual practice of allowing "an amended complaint when a pro se party obtains counsel so that counsel may present claims as they best see fit and for cases to proceed more efficiently." (*See id.*) Allowing Vasquez to amend his complaint now serves that purpose. In sum, the Court declines to

deny the motion to amend based on alleged undue delay or bad faith.[9] The Court will not, however, look kindly on any further requests to delay this case. It has languished long enough.

### C.    Futility

Finally, the Centurion Defendants argue that the proposed amended complaint should fail on the basis of futility.[10]

### 1.    The Centurion Defendants have not shown that Count 1 is futile as amended.

In the operative complaint, Vasquez alleges that the Centurion Defendants were deliberately indifferent to his serious medical needs in the hours immediately following the attack. (*See* Doc. 13 ¶¶ 55–57.) In the proposed amended complaint, Vasquez seeks to add allegations to Count 1 for deliberate indifference related to the Centurion Doe medical providers' later failure to treat his infection in January 2019 at the LTCU. (*See* Doc. 141-1 ¶¶ 67–71.) Specifically, he alleges that "Centurion and its employee physicians and nurses . . . determined wrongfully that [he] did not have an infection to his wounds, . . . which caused extreme pain and suffering." (*Id.* ¶ 68.) He asserts that "[t]he actions or omissions of defendant Centurion and its employees at LTCU constitutes/constituted deliberate indifference to [his] serious medical needs in violation of the Eighth Amendment . . . ." (*Id.* ¶ 71.)

The Centurion Defendants contend that the added allegations are futile because Vasquez does not name any individual defendants within Count 1, but rather names only Centurion. (*See*

---

[9] Although the Wexford Defendants do not accuse Vasquez of undue delay or bad faith, they do posit that Vasquez may, in moving to amend, intend "to assert some pressure on [them] to settle this matter." (Doc. 161 at 3.) While that may be true, the Wexford Defendants offer no authority to support denying the motion on that basis. (*See id.*)

[10] The Wexford Defendants summarily assert that it is "unclear what role Dr. French allegedly played in [Vasquez's] care, and . . . [t]he Court should not allow addition of Dr. French on such a vague, specious, and untimely allegation." (Doc. 161 at 3–4.) To the extent the Wexford Defendants attempt to argue that the Court should deny the motion to amend with respect to Dr. French on the basis of futility, they fail to adequately develop their argument.

Doc. 147 at 6–7 (citing Doc. 141-1 ¶¶ 67–71).) To hold Centurion liable under § 1983, Defendants argue, Vasquez must show that Centurion's policy or custom resulted in the constitutional injury. (*Id.* (citing *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 694 (1978); *Estate of Blodgett v. Correct Care Sols., LLC*, No. 17-cv-2690, 2018 WL 6528109 (D. Col. Dec. 12, 2018)).) Vasquez replies that the Centurion employees referenced within Count 1 are the Centurion Doe medical provider defendants, whom he cannot name at this time "because the writing in the medical records is not legible . . . ." (*See* Doc. 153 at 2.) Consequently, he asserts, this is not a *Monell* claim, but a claim against the individual providers. (*See id.*)

Considering the proposed amended complaint as a whole, Vasquez's explanation is in line with the Court's reading of the claim. Vasquez alleges in the Facts section that the Centurion Doe medical provider defendants failed to treat his wound infection. (*See* Doc. 141-1 ¶¶ 28–29.) Moreover, he references "Centurion and its employee physicians and nurses" within Count 1 itself. (*Id.* ¶¶ 67–71.) The Court finds the factual allegations are adequately incorporated into Count 1 and will, therefore, deny the motion to amend on this basis.

## 2. The Court will dismiss Count 2 for failure to state a claim.

The Centurion Defendants also argue that the proposed new claim for retaliation is futile because Vasquez "fails to plead the required elements for retaliation." (Doc. 147 at 9.) To establish a claim for retaliation, Vasquez must show: (1) that he "was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [Vasquez's] exercise of constitutionally protected conduct." *Requena v. Roberts*, 893 F.3d 1195, 1211 (10th Cir. 2018) (quoting *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007)).

The Court agrees Vasquez fails to state a claim for retaliation, because he does not adequately allege *who* retaliated against him. Vasquez includes factual allegations that specify: (1) On February 7, 2019, Centurion John Doe Doctor made progress notes and prescribed antibiotics, but did not treat Vasquez's wound or diagnose a wound infection (Doc. 141-1 ¶¶ 11, 28); and (2) Centurion Jane Doe Nurse "evaluated [Vasquez] for an infection between February 7, 2019[,] and February 21, 2019," but indicated that he did not have a wound infection (*id.* ¶¶ 12, 29). *Nowhere* does he assert facts to show that either Centurion Doe medical provider retaliated against him or had him transferred from the LTCU. Rather, he alleges that after he filed a grievance related to the failure to treat his wound infection (*see id.* ¶ 29), "Centurion *employees*"—which employees, we are left to wonder—discharged him from the LTCU in retaliation for his filing of the grievance. (*See id.* ¶ 30.)

The language under Count 2 itself provides no help. There, Vasquez asserts that "*Centurion* had [Vasquez] transferred out of LTCU" in retaliation for his grievance. (*See id.* ¶ 77 (emphasis added).) Given that Vasquez includes allegations against Centurion itself (*id.* ¶ 4), Centurion LPN Christopher Browley (*id.* ¶ 6), and the Centurion Doe medical providers, his vague allegations against "Centurion employees" is inadequate to state a claim.

The Court has warned Vasquez on numerous occasions that "to state a claim under 42 U.S.C. § 1983, he must explain *how each defendant, through their own individual actions*, has personally violated the Constitution." (Doc. 12 at 2 (quoting *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998)) (emphasis added); *see also* Docs. 63 at 7 (same) & 10 (noting that Vasquez's previous proposed amended complaint "fails to explain what each defendant did to" him); 68 at 5 (again noting Vasquez's failure to adequately "explain what each defendant did to Vasquez").) Vasquez ignores the Court's warnings to his detriment. Because he fails to specify what "Centurion

employees" allegedly retaliated against him, his claim cannot go forward. The Court denies Vasquez's motion to amend with respect to the proposed Count 2.

## IV.     Remaining Issues

Vasquez moved to stay the case management deadlines pending a decision on his motion to amend. (Doc. 146.) The Court denies that motion as moot.

The Wexford Defendants filed a late response to the motion to amend (Doc. 161), and the Court ordered them to show cause for their failure to file a notice or motion under the Local Rules (Doc. 162). The Wexford Defendants adequately responded (Doc. 163), and the Court therefore quashes the Order to Show Cause.

**THEREFORE,**

**IT IS ORDERED** that Vasquez's Motion to Amend Complaint for Violations of Civil Rights Against Medical Providers (Doc. 141) is **GRANTED in part**. The Court directs Vasquez to file his Third Amended Complaint[11] no later than **seven days** following entry of this Opinion.

**IT IS FURTHER ORDERED** that Defendants shall respond to the Third Amended Complaint under Federal Rule of Civil Procedure 15(a)(3) no later than **14 days** after Vasquez files the amended pleading.

**IT IS FURTHER ORDERED** that Vasquez's Motion to Stay Case Management Deadlines (Doc. 146) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Order to Show Cause (Doc. 162) is **QUASHED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[11] Vasquez shall omit paragraphs 76–78 (Count 2) from his Third Amended Complaint, but he may not otherwise alter the pleading as it was filed in Doc. 141-1.